HUGH CORRIGAN v. E. W. NICHOLS.

No. 339.

**Attachment — Affidavit — Clerical Error.**—The ground for an attachment, as stated in the affidavit therefor, was "that the defendant *his* disposed of his property in part, with intent to defraud his creditors." *Held*, a manifest clerical error, and that a motion to quash on that ground was properly overruled.

APPEAL from Eastland.   Tried below before Hon. T. H. CONNER.

*Davenport & Longino*, for appellant.—The language as it appears in the affidavit makes no charge whatever against the defendant in attachment. That "the defendant his disposed of his property in part, with intent to defraud his creditors," is a meaningless collection of words, and to give it meaning one word must be suppressed and others supplied.   Bank v. Flippen, 66 Texas, 610.

No brief for appellee reached the Reporter.

STEPHENS, ASSOCIATE JUSTICE. — The single question presented by this record is, whether there was error in refusing to quash the attachment.   The ground reads, "that the defendant Corrigan his disposed of his property in part, with intent to defraud his creditors."

We are of opinion that the use of the word "*his*" preceding the word "disposed" should be ascribed to clerical error, a mere slip of the pen in writing the word *has*, and that it did not vitiate the attachment.   At most it was but an error in spelling, and differs from cases where there has been an entire omission of some important word.   It is manifest from the context, which often determines the meaning of a word, that *has* was the word intended, though erroneously written *his*.   We are unwilling to sacrifice a valuable right secured by an attaching creditor to mere literalism, the statute having been substantially complied with.   We think the decisions in this State have already gone quite far enough in that direction.

The judgment will, therefore, be affirmed.

*Affirmed.*

Delivered January 17, 1894.