## M. G. HOWE, RECEIVER, ET AL. V. A. ST. CLAIR.

### No. 609.

1. **Negligence of Fellow Servant.**—If deceased, in the discharge of his duties as brakeman, was passing in the night-time from the front to the rear of the train, and timbers were so piled that passage between them and the train was in part obstructed, and in passing he stumbled and fell under the train and was killed, and the receiver was negligent in permitting the side of the track to be so obstructed, and the accident was caused by reason thereof, without fault on the part of the deceased, the right of the plaintiff to recover would not be defeated by acts of negligence on the part of fellow servants of the deceased contributing to the injury.

2. **Plea in Abatement—Discharge of Receiver.**—It was ordered that M. G. Howe, receiver, be and he is hereby removed as such receiver, and that upon his successor qualifying as such, that said M. G. Howe deliver to such successor all the rights, property, etc., of the corporation; and he was ordered to file within ten days a statement of all property on hand at the time of such successor qualifying. There is no evidence to show that his successor was ever appointed or qualified, or that the property ever went out of his hands. In such case the receivers could not abate the suit as if discharged.

3. **Lien upon the Property of a Road which has been Sold by the Receiver.** Under the Act of 1889, page 55, one who recovers judgment for damages occasioned by the negligence of the receiver has no right to have such judgment declared a lien upon the property of the railway company, which has succeeded the receiver in the possession of it, when it has come into the possession of such company under and by virtue of a sale made by the receiver under the order of the court.

4. **Same—Act of 1889.**—Under the four several provisions of the act creating the lien upon the property delivered by the receiver to the party or corporation receiving the same, the remedy against the party or corporation obtains only for such unpaid liabilities as there may be at the date of the discharge of the receiver; nor does the law declare that the claims specified shall continue to be a lien upon the property after it has been sold by direction of the court in the hands of the purchaser at such sale. It is the purpose of the act to make the expenses of the receivership a lien upon the corpus of the property, and to hold the owner or his assigns, where it has been redelivered without sale, liable for such claims without proof of betterments, and plaintiff in a proper case would be entitled to personal judgment, as well as the establishment of a lien.

APPEAL from Angelina. Tried below before Hon. JAMES T. POLLEY.

*Baker, Botts, Baker & Lovett* and *E. C. Branch*, for appellants.—1. The court erred in overruling defendant's general demurrer to plaintiff's original and first supplemental petitions, it appearing from said petitions that Howe, as such receiver, had been discharged, and that defendant, the Houston East and West Texas Railway Company, was not liable for his acts or negligence as such to plaintiff. A railroad company is not liable for damages such as personal injuries caused by a receiver while in possession and operation of its railroad. Ryan v. Hays, 62 Texas 42; Hicks v. Railway, 62 Texas, 38. If the railway company is liable in any way, or if its property is liable for such claims in the hands of the purchaser at judicial sale thereof, the facts showing such liability must be pleaded and proven. Where a railroad and its franchises are sold at judicial sale, it is clear from the

decisions of our own Supreme Court that the purchaser takes the railroad and property free from all claims against the sold out railway company. Railway v. Newell, 73 Texas, 334; Acres v. Moyne, 59 Texas, 623–625; Railway v. Shirley, 54 Texas, 125–139.

It is not contended by appellee, either in pleading or proof, that she has any contract lien, but if she has any lien at all, it is only by operation of law. Possibly it is claimed under the Act of 1887 in reference to receivers (General Laws 1887, page 119), as amended by the Act of 1889 (General Laws 1889, page 55). These statutes can have no application to this case. They deal only with the application of the earnings of the property accruing during the receivership. They have no bearing whatever in a case where it is not shown that the earnings during the receivership have been applied to purposes other than those prescribed by such statutes. The Supreme Court has recently held in two cases, in effect, that these statutes deal only with the earnings, even if there could have been any doubt about it before, since the statutes on their face purport to deal only with the earnings. Giles v. Stanton, 86 Texas, 620; Fordyce and Swanson, Receivers, v. DuBose, 87 Texas, 78.

The discharge of a receiver terminates his official existence, and therefore his capacity to be sued, as effectually as death terminates the existence of natural persons and the right to prosecute suits against them. Brown v. Gay, 76 Texas, 444; Fordyce and Swanson v. DuBose, 26 S. W. Rep., 1050.

2. The existence and location of the slabs of wood constituting the alleged negligence complained of, and over which it is alleged the said James St. Clair, deceased, stumbled and fell, sustaining the injuries resulting in his death, was known to the said James St. Clair and plainly within his view, and he could have avoided the same by the exercise of ordinary care, and his injuries were the result of his own negligence in attempting to pass over the same, and he assumed risks in the premises. If deceased by his own negligence proximately contributed to his death, plaintiff can not recover, no matter what may have been the degree of defendant's negligence. It is directly opposed to the law as laid down in the case of McDonald v. Railway, decided by the Supreme Court, 86 Texas, 1. See also the recent decision of the Supreme Court in the case of Martin, Wise & Fitzhugh v. Railway, 87 Texas, 117.

3. The death of the said James St. Clair was the result of the negligence of his fellow servants in charge of and operating the engine moving the cars by which he was injured. In the case of Campbell, Receiver, v. Cook, 86 Texas, 630, it was held, that the statute of this State in reference to fellow servants in force at the time of the accident in question did not apply to receivers.

*Mantooth & Townsend,* for appellee.—1. The discharge of a receiver shall not work an abatement of the suit against the receiver, nor shall

it in any way affect the right of the party to sue the receiver if he sees proper. Acts 21st Leg., p. 55; Bonner v. Blum, 25 S. W. Rep., 60; Fordyce and Swanson v. DuBose, 26 S. W. Rep., 1050.

2. Unless the defective piling of the slabs was patent to the deceased, negligence could not be imputed to him from face of petition, it failing to show such defective piling was known to the deceased. Railway v. Hohn, 1 Texas Civ. App., 36.

3. A failure to discover and remove dangerous objects contiguous or near to the track within a reasonable time would be negligence on the part of the master, as well where such condition was the result of the acts of the servants as if it resulted from any other cause. Fordyce and Swanson v. Culver, 2 Texas Civ. App., 572; Cook v. Wooters, 42 Texas, 294.

4. The party or corporation receiving the railway property from a discharged receiver takes the property charged with all the unpaid liabilities of the receiver accruing during the receivership, to the value of the property delivered by the receiver. Gen. Laws 21st Leg., p. 57; Bonner, Receiver, v. Blum, 25 S. W. Rep., 60; Fordyce and Swanson v. DuBose, 26 S. W. Rep., 1050.

5. Actions between parties where the direct object is to reach and dispose of certain property owned or claimed is a proceeding in rem. 95 U. S., 734; Acts 21st Leg., p. 57.

6. Having the right to proceed alone against the receiver to extent of value of the property held by him at time of injury, the judgment would be good as to receiver as well as the property held by him, as per the judgment rendered in this case. Bonner, Receiver, v. Blum, 25 S. W. Rep., 60; Fordyce and Swanson v. DuBose, 26 S. W. Rep., 1050; Acts 21st Leg., p. 55.

GARRETT, Chief Justice.—This action was brought by the appellee originally against M. G. Howe alone, as the receiver of the Houston East and West Texas Railway Company, to recover damages for the death of appellee's son, which was caused by injuries received by him while in the employ of said receiver in the operation of the line of railway belonging to said company, and to have an alleged statutory lien adjudged against the property in the hands of the receiver. The original petition was filed December 15, 1892. By a supplemental petition filed October 3, 1893, plaintiff averred, that since the filing of her original petition the said railroad "has been sold and bought in by E. S. Jameson, who is now the president of the properties of said Houston East and West Texas Railway Company, which company is, or claims to be, the owner and in possession of the said property of the Houston East and West Texas Railway Company as operated by the said M. G. Howe as receiver as aforesaid;" and prayed, "that said Houston East and West Texas Railway Company as operated by the said E. S. Jameson" be cited to answer and show cause why judgment should not be rendered against said company

foreclosing the statutory lien on said property to satisfy such judgment as plaintiff might obtain against the said M. G. Howe as receiver as aforesaid.

M. G. Howe pleaded in abatement of the cause of action as against him, that "by an order made on the 7th day of March, 1893, by the District Court of Harris County, Texas, in a cause pending in said court, entitled The Houston East and West Texas Railway Company et al. v. Jacob Binz et al., numbered 11,730 on the docket of said court, being the cause wherein he, the said Howe, was appointed and was theretofore acting as such receiver, he, the said Howe, was removed as such receiver, and has not since the said 7th day of March, 1893, been such receiver or acted in any way as such;" and prayed that he be discharged with his costs.

The Houston East and West Texas Railway Company answered the original and supplemental petitions by a general demurrer, general denial, and a plea of contributory negligence on the part of the deceased.

Upon trial, the demurrer of the defendant railway company having been overruled by the court, the jury returned a verdict against the defendant M. G. Howe, as receiver of the Houston East and West Texas Railway, in favor of the plaintiff for the sum of $2500; and thereupon the court rendered judgment in favor of the plaintiff for said amount against M. G. Howe, as receiver, etc., and adjudged the same to be a preference lien upon all property of the said Houston East and West Texas Railway Company, to wit, "the railroad bed leading from the city of Houston, Harris County, Texas, to the town of Logansport, in De Soto Parish, State of Louisiana, a distance of about 190 miles, together with the railroad iron and steel thereon," which property was adjudged to have been in the possession of said receiver at the time the plaintiff's cause of action arose.

The original petition presents a good cause of action against M. G. Howe as receiver. It sets out the manner in which the deceased was killed, and averred that the accident was caused by a pile of slabs which the defendant had negligently allowed to obstruct the side of the switch. The deceased was in the discharge of his duty as brakeman of the work train, and, under the circumstances alleged, his attempt to pass the slabs ought not to defeat the right of plaintiff to recover. If the receiver was negligent in permitting the side of the track to be obstructed by the slabs, and the accident was caused by reason thereof, without fault on the part of deceased, the right of plaintiff to recover would not be defeated by acts of negligence on the part of fellow servants of the deceased contributing to the injury. In this connection we will state also, that we think it doubtful if the order of the District Court of Harris County in the receivership is sufficient to support appellant Howe's plea in abatement. The order is, "that M. G. Howe, Esq., receiver, be and is hereby removed as such receiver, and that upon his successor qualifying as such, that

said M. G. Howe deliver to such successor all the rights, property appurtenances, effects, money, records, books, claims, credits, and papers of the corporation, the Houston East and West Texas Railway Company, in his charge." He was further ordered to file within ten days a statement of all property on hand at the time of such successor qualifying, etc. There is no evidence to show that his successor was ever appointed or qualified, or that the property ever went out of the hands of said M. G. Howe. If, however, the appellant Howe had been in fact removed and a successor appointed to whom the property was delivered, the action would abate as to him upon proper pleading and proof. And if no successor was appointed, but the receivership was closed and the receiver discharged, the action would still abate, unless the receiver should be retained in the suit to foreclose a lien upon the property as provided by the amendment of 1889 of the Act of the Legislature providing for the appointment of receivers, etc. Gen. Laws 1889, p. 55; Fordyce and Swanson, Receivers, v. DuBose, 87 Texas, 78.

But the question arises whether or not the original and supplemental petitions show a cause of action that would entitle the plaintiff to have a lien adjudged and foreclosed upon the property of the Houston East and West Texas Railway. From these pleadings, to which the demurrer of the defendant company was addressed, it appears that the property at the time of the injury and when the suit was brought was in the hands of M. G. Howe as receiver; that after the cause of action in this case arose, the property was sold and bought in by E. S. Jemison, the president of the Houston East and West Texas Railway Company, which is or claims to be the owner thereof. Plaintiff does not seek to hold the defendant personally liable, but only to establish and foreclose a lien on its property. There are two reasons why she could not do this. The company in the first place is not liable for the negligence of the receiver in operating its road under the direction of the court. Ryan v. Hays, 62 Texas, 42; Hicks v. Railway, 62 Texas, 38. Again, clearly in absence of a statute, the property at the sale would pass to the purchaser, E. S. Jemison, and the defendant company, freed from claims against the receiver. Hicks v. Railway, supra. The reacquisition of the property by the defendant by purchase at foreclosure sale would not render the company liable for any claims against the receiver, except such as might be imposed by the terms of the sale. In a number of cases, the Texas & Pacific Railway Company has been held liable for claims against its receiver arising during the operation of its railroad by him; but the recovery in these cases was based upon the ground that the property was delivered back without sale, and the earnings of the road during the receivership, which were primarily liable for the expenses thereof, were expended in the betterment of the property. But in no case that we are aware of has it been finally held that a claim against the receiver follows and attaches to the property

in the hands of the purchaser at a sale thereof made in the receivership as a lien thereon.

Evidently plaintiff relies in support of her lien upon the statute of 1889 above referred to. An analysis of the provisions of that act fails to disclose any intent to change the well fixed principle, that the purchaser at a sale of the property administered by a court in a receivership takes the property discharged of all claims arising during the receivership. If such a lien is given, it must be found in the amended section 6. This section first classifies all claims, and declares that they "shall have a preference lien on all of the moneys coming into the hands of the receiver which are the earnings of the property in his hands," etc. It afterwards declares, that (1) "all judgments against a receiver for cause of action arising during the receivership shall be a preference lien upon all the property in his hands as such receiver superior to the mortgage lien; and if a receiver is discharged pending suits against him for causes of action growing out of and arising during the receivership, the cause of action shall not abate, but may be prosecuted to final judgment against the receiver, and the plaintiff in the action may, if he sees proper, make the party or corporation to whom the receiver has delivered the property that was in his hands as receiver a party to the suit, and if judgment is finally rendered in favor of the plaintiff against the receiver, the court shall also enter the judgment in favor of the plaintiff against the party to whom the property was delivered by the receiver." Also, (2) "All judgments rendered against a receiver for causes of action arising during the receivership shall be a lien upon all of the property in the hands of the receiver superior to the mortgage lien; and if the property should be turned back into the possession of the party or corporation who were owning the same at the time of the appointment of a receiver, or any one else for them, or as their assigns or purchasers, the party or corporation so receiving said property from said receiver shall take said property charged with all of the unpaid liabilities of the receiver occurring during the receivership, to the value of the property delivered by the receiver," etc. Again, (3) "All judgments rendered against a receiver on causes of action arising during the receivership shall be a lien on all of the property in the hands of said receiver superior to the mortgage lien. All parties and corporations whose property has been placed in the hands of a receiver by order of court, and which was not sold by the receiver, and which property has been redelivered back to the original parties or corporations without any sale of said property, shall be liable and held to pay all of the unpaid liabilities of the receiver in causes of action arising," etc.; and authorizes judgment and foreclosure of liens against such party or corporation. And again, (4) "If at the date of the discharge of the receiver there are any judgments or claims remaining not sued on against the receiver arising during the receivership, and which judgments and claims not sued on are unpaid at the date of the discharge of said

receiver, said unpaid judgments and unpaid claims not sued on shall be a preference lien on all the property that was in the hands of the receiver superior to the mortgage lien, and the person or corporation to whom the receiver has delivered the property that was in his hands as receiver shall be liable for all unpaid judgments and unpaid claims not sued on to the value of the property that was delivered by the receiver to said person or corporation."

It will be observed, that in the four several provisions of the act creating the lien on the property delivered by the receiver to the party or corporation receiving the same, the remedy against the party or corporation obtains only for such unpaid liabilities as there may be at the date of the discharge of the receiver. It does not appear from the petition in this case that the receiver has been discharged. From aught that appears, even from the evidence, the receivership may still be open and either Howe or his successor still acting, and if not in charge of the railroad, still have proceeds of the sale and earnings in his hands with which to pay any judgment plaintiff may obtain.

But the law does not declare that the claims specified shall continue to be a lien upon the property after it has been sold by direction of the court in the hands of the purchaser at such sale; and in order to change a rule of law so well settled that the purchaser would take the property freed from claims against the receiver, the act should do so in express terms, and not by doubtful construction. We are of the opinion, that it is the purpose of the act to make the expenses of the receivership a lien upon the corpus of the property, and to hold the owner or his assigns where it has been redelivered without sale liable for such claims without proof of betterments, and plaintiff in a proper case would be entitled to personal judgment, as well as the establishment of a lien. We do not assent to the construction of appellants, that the lien is given by the statute only upon the earnings. The demurrer to the petition should have been sustained, because the plaintiff showed no cause of action against the Houston East and West Texas Railway Company. No facts were alleged that would make the company liable or charge the property in its hands with a lien; nor does it appear from the petition that the receiver has been discharged.

We shall not pass upon the numerous assignments of error based on the charge of the court, because the errors, if any, may not arise at another trial. The evidence of the witness Henning was properly excluded.

For the reasons indicated, the judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered September 13, 1894.