Butler & Bowman et al. v. Holmes & McPherson et al.

Decided April 16, 1902.

1.—Assignment of Error—Charge—Statement Necessary.

Assignments of error to the refusal of requested charges, not followed by a statement showing what the charges were, and giving no reference to any page of the record containing such charges, can not be considered.

2.—Same—Specifying Error.

Where asssignments do not point out the specific errors complained of and are not followed by a sufficient statement, they will not be considered.

3.—Interest on Account.

Where plaintiff in an action on an account did not claim interest, and the verdict did not find any interest, it was error for the judgment to award plaintiff interest on the account from its date.

4.—Citation—Summoning Company.

Where a citation commanded the officer to serve H., president of a named oil company, and it was served as directed, this did not suffice to bring the oil company into court and authorize a judgment against it.

5.—Appeal from Justice to County Court—Jurisdiction.

Where the justice court had no jurisdiction over one of the parties defendant because not cited therein, the county court acquired none as to such party by virtue of the case having been appealed to it.

6.—Judgment—Finality—Other Parties.

The finality of the judgment for plaintiff against the original defendants is not affected by the fact that a judgment in their favor over against another

party, attempted to be brought in by them as a codefendant, is void for want of jurisdiction as to such other party, where the issue upon which plaintiff sought to recover was in no way dependent on the defendants' right to recover against such third party.

Appeal from the County Court of Panola. Tried below before Hon. Thomas E. Boren.

*H. N. Nelson,* for appellants.

*A. G. Brooke,* for appellees Holmes & McPherson.

*W. R. Anderson,* for appellee Oil Company.

PLEASANTS, ASSOCIATE JUSTICE.—This suit originated in the Justice Court, the amount in controversy being $156.62 claimed by appellees, Holmes & McPherson, as the balance due of the purchase money for a carload of cotton seed sold by them to the appellants. In the Justice Court appellants attempted to make the Merchants and Planters Oil Company parties defendant, claiming that they purchased said seed as agent of said company. The citation issued from the Justice Court commanded the officer to whom same was addressed to summon T. W. House, president of the Merchants and Planters Oil Company, and the return upon said citation shows that same was served as directed. The oil company did not appear in the Justice Court, and upon a trial in that court judgment was rendered in favor of Holmes & McPherson against appellants for the amount claimed. The record does not disclose that any disposition was made of the claim of Butler & Bowman against the oil company. The transcript from the Justice Court does not appear in the record, but the judgment set out in the appeal bond filed by appellants in the Justice Court makes no mention of the oil company. This appeal bond is, however, made payable to Holmes & McPherson and the oil company, and written notice of the appeal was served on the oil company.

The trial in the County Court by a jury resulted in a verdict and judgment in favor of Holmes & McPherson against the appellants for $156.62, and in favor of appellants against the oil company for same amount. The oil company did not appear on the trial, but after the rendition of the judgment above mentioned filed a motion in arrest of judgment, which was sustained by the court and appellants' suit against said company dismissed. Appellants' motion for a new trial was overruled and the verdict and judgment against them in favor of Holmes & McPherson was undisturbed. The evidence is conflicting upon the issue as to whether appellees Holmes & McPherson knew at the time they sold the cotton seed to appellants that the latter were acting as agents of the oil company in the purchase of the seed. The jury have settled this conflict in favor of appellees, and the preponderance of the evi-

dence against the verdict is not so great as to authorize this court to set it aside.

The several assignments which complain of the refusal of the court below to give special charges requested by the appellants can not be considered, because it does not appear from the statements following said assignments what were the charges asked, and no reference is made to any page of the record containing the charges requested.

The assignments from seven to sixteen inclusive can not be considered, because they are too general and do not point out the specific errors complained of, and are not followed by a sufficient statement. Strauss v. Gross, 2 Texas Civ. App., 432.

Assignment number 17 attacks the judgment in so far as it awards interest against appellants from the date of the sale of the cotton seed, because such judgment is not in conformity with the verdict, and is not authorized by the pleadings. We think this assignment should be sustained. Appellees claimed no interest in their account upon which the suit was based and the verdict of the jury did not find any interest against appellants. Under these facts no judgment for interest should have been rendered against appellants, and the judgment of the court below will be reformed so as to conform to the verdict of the jury.

We do not think the court below erred in sustaining the oil company's motion in arrest of judgment. The citation issued from the Justice Court was not a citation to the oil company, and service of such citation upon the president of the company did not bring the company into court nor confer upon the court any authority to render judgment against it. Insurance Co. v. Seeligson, 59 Texas, 3; Railway v. Rawlins, 80 Texas, 581. The jurisdiction of the County Court in this case was not original, but appellate, and it acquired no jurisdiction to render a judgment against the oil company because no jurisdiction was acquired by the court a quo. Cotulla v. Goggan, 77 Texas, 34. The notice of the appeal conferred no jurisdiction upon the County Court, because the oil company, not having been served with citation in the Justice Court, could not be made a party in the county court. Railway v. Wallis, 29 S. W. Rep., 1123.

The judgment against the oil company was therefore void and was properly set aside. This could not affect the finality of the judgment against appellants. As the case stood at the trial in the County Court the oil company was not before the court and no judgment could be rendered against it. The issue as to whether appellants were indebted to Holmes & McPherson was in no way dependent upon whether appellants were entitled to recover against the oil company. The jury have found in favor of Holmes & McPherson against appellants, and that finding ought not to be disturbed merely because the appellants also procured a verdict and judgment upon an issue not properly before the court and against a party over whom the court had not jurisdiction. To so hold would be to allow appellants to profit by their own wrong.

We are of opinion that the judgment of the court below should be reformed so as to only allow interest upon the amount found by the jury to be due Holmes & McPherson at 6 per cent from the date of the rendition of the judgment in the court below, and as so reformed should be affirmed at the cost of appellees Holmes & McPherson, and it is so ordered.

*Reformed and affirmed.*