## LAND MORTGAGE BANK OF TEXAS v. R. VOSS AND J. T. ROBBINS.

### Decided April 24, 1902.

**1.—Jurisdiction—Amount—Appeal to the County Court—New Action.**

Where the action was in the justice court to recover rent, and on appeal to the county court the plaintiff, in order to meet the defense urged, brought in his vendor, seeking to recover against him on his warranty the difference between the actual rental value of the premises and the amount of an agreed rent, which difference was an amount below the original jurisdiction of the county court, that court had no jurisdiction to render judgment on such claim, since its assertion was in effect the institution of a new suit against the warrantor.

**2.—Same—Fundamental Error—Practice on Appeal.**

Such want of jurisdiction over the subject matter was fundamental error and could be raised on appeal, although not assigned.

Appeal from the County Court of Smith. Tried below before Hon. Geo. W. Cross.

*J. B. Davies* and *A. Morgan Duke,* for appellant.

*S. A. Lindsey,* for appellee Voss.

*Butler, Lasseter & Butler,* for appellee Robbins.

GARRETT, CHIEF JUSTICE.—This suit was begun by R. Voss against J. T. Robbins in a Justice Court of Smith County to recover rent for a part of a tract of land which had been conveyed to Voss by appellant. Robbins set up as a defense that he had rented the land from tenants of the appellant at an agreed price prior to the conveyance to Voss, and was entitled to possession for the year 1900, for which the rent was claimed, and at most was not liable for more than the sum agreed to be paid. The bank was not a party to the suit in the Justice Court, but was brought in by the plaintiff after appeal to the County Court upon an alternative plea against it upon its warranty for the difference between the agreed rent and the reasonable rental value. A former judgment against Robbins was reversed by this court. 64 S. W. Rep., 313. After the cause had been remanded, another trial resulted in favor of the plaintiff against Robbins for the agreed rent sum of $40, and over against the bank for the sum of $123.60 as the difference between the rent agreed to be paid by Robbins and the reasonable rental value of the land.

A number of errors have been assigned for which a reversal of the judgment below is sought, and the appellant, in its brief, suggests as fundamental error, which is not included in its assignment of errors, the want of jurisdiction in the County Court of the cause of action against it. It was held by this court in the case of Railway v. Wallis, 29 Southwestern Reporter, 1123, that a cause of action similar to the one asserted against the appellant in this case was a new cause of action

against a new party, and in effect the institution of a new suit in favor of the plaintiff against the appellant. In this case the plaintiff brought the appellant into the County Court upon a separate demand against it for a breach of warranty for a sum below the original jurisdiction of the County Court. It is quite clear that the County Court did not have jurisdiction of the cause of action, and that it was not a mere question of personal privilege. We have recently held to the same effect in the case of Butler v. Holmes, decided April 10, 1902. As the County Court was without jurisdiction of the subject matter, an assignment was not necessary to bring the error before this court. The judgment of the court below against the Land Mortgage Bank of Texas, Limited, will be reversed and the cause against it dismissed, but as against the appellee Robbins the judgment of the court below will not be disturbed.

*Reversed and rendered in part; affirmed in part.*