Chicago, Rock Island & Gulf Railway Company v. Lee Crenshaw.

Decided May 30, 1908.

**1.—Appeal—Failure to File Briefs—Practice.**

The failure by appellant to file briefs in a Court of Civil Appeals in prosecution of his appeal, is sufficient cause for dismissal of the appeal, in the absence of a valid excuse for such failure.

**2.—Jurisdiction—Appeal from Justice Court—Amount in Controversy.**

A suit instituted in a Justice Court was "upon damages for $192;" there was no prayer for any sum, whether as interest or otherwise, beyond this amount; upon appeal to the County Court the plaintiff by amendment itemized his damages, making the total amount $200, and prayed for "judgment for his debt, damages, interest and costs of suit, for general and special relief." Held, that by the amendment in the County Court the amount in controversy was placed beyond the jurisdiction of the Justice Court and therefore beyond the jurisdiction of the County Court on appeal.

Appeal from the County Court of Montague County. Tried below before Hon. Geo. S. March.

No briefs for either party.

SPEER, ASSOCIATE JUSTICE.—In this case appellee recovered judgment against appellant for damages to a shipment of cattle growing out of the latter's negligence, from which judgment the defendant has appealed.

No briefs have been filed for appellant and we are asked by appellee, therefore, to dismiss the appeal for want of prosecution. This motion of appellee's, however, is met by appellant's request for leave to file briefs, setting up a general agreement with J. A. Templeton, Esq., to the effect that filing briefs in the lower court, notice, etc., on the part of this appellant in cases in which said Templeton represented the appellee was always waived by said Templeton. It appears undisputably, however, that while Mr. Templeton did present a motion for the appellee in this case, he was not otherwise of counsel for him and had no authority and did not undertake to waive the filing of briefs according to the rules. Counsel for appellant was in no wise misled, since he at no time had any information that Mr. Templeton represented appellee or in any manner appeared in this court for him, nor did he ever make any request that the filing of briefs in the lower court should be waived until after the expiration of the time within which he could have filed briefs under the most liberal interpretation of the rules. We therefore overrule appellant's request for permission to file briefs and would grant the prayer of appellee to dismiss the appeal, were it not for the fact that an inspection of the record discloses fundamental error for which the cause must be reversed.

It affirmatively appears that the County Court, from which this appeal has been taken, had no jurisdiction over the amount put in controversy by appellee's amended petition. The cause originated in the Justice Court, where suit was instituted on May 17, 1906, and was a "suit upon damages for $192." There was no prayer for any sum, whether as "interest" or otherwise, beyond this amount. On appeal to the County Court the pleadings of the plaintiff were amended so as to claim damages for four head of cattle at $17 per head, amounting to $68, and for sixty-six head of cattle at $2.00 per head, amounting to $132, aggregating the sum of $200, and closed with a prayer for "judgment for his debt, damages, interest and costs of suit, for general and special relief," etc. Clearly this allegation, under the authorities, put the amount in controversy beyond $200, and as clearly ousted the jurisdiction of the County Court to determine the cause thus appealed from the Justice Court. (Texas & Pac. Ry. Co. v. Walter Hunt & Co., 38 Texas Civ. App., 460.)

In determining the amount in controversy for the purpose of ascertaining the jurisdiction of the trial court, an amended petition is supposed to speak as from the date of the original institution of the suit, unless it "sets up a new cause of action or increases the amount originally sued for so as to claim an amount not within the jurisdiction of the court." (Ft. Worth & D. C. Ry. Co. v. Underwood, 100 Texas, 284.) So that, if appellee's amendment in the County Court had merely sought to recover $192, with interest from the date of the injury, and the pleadings in the Justice Court and also included interest, the County Court perhaps, under the authority cited, would not have lost all jurisdiction, even though the accumulated interest to the time of trial, when added to

the sum named, would have exceeded $200. But even when tested by this rule the amended petition stated an amount beyond the jurisdiction of the County Court, because the pleadings of the Justice Court not only did not include a prayer for interest, but the amended pleadings in the County Court otherwise increased the amount in controversy by placing the damages at exactly $200. So that, whether the case of Ft. Worth & Denver City Ry. Co. v. Underwood in effect overrules the case of Texas & Pacific Ry. 'Co. v. Hunt, or not, the amended pleadings in any event set up an amount beyond the appellate jurisdiction of the County Court.

The judgment of the County Court is reversed and the cause remanded with instructions to dismiss the suit unless appellee shall reduce his demand to $200.

*Reversed and remanded.*