### W. J. DAVIS v. R. E. MORRIS ET AL.

Decided October 31, 1908.

**1.—Appeal from Justice Court—Pleading—Practice.**

While article 358, Rev. Stats., relates particularly to proceedings by certiorari, the provisions of said article apply as well to cases taken to the County Court by appeal from the Justice Court.

**2.—Same—Statute construed.**

It is only new causes of action, setoffs and counterclaims not plead in the Justice Court that are precluded by article 358, Rev. Stats., from being plead for the first time in the County Court on appeal from the Justice Court. A defendant on appeal from a Justice to a County Court may file a plea of estoppel in the County Court although such plea was not filed in the Justice Court.

Appeal from the County Court of Briscoe County.   Tried below before Hon. Jno. B. Renfro.

*Mathes & Williams,* for appellant.—Upon the trial in the County Court of a cause appealed from the Justice Court the defendant may plead any defense not plead in the Justice Court, excepting only a plea of setoff or counterclaim.   Rev. Stats. of Texas, art. 358; Gholston v. Ramey, 30 S. W., 713; Texas & N. O. Ry. v. Jones, 23 S. W., 424; San Antonio & A. P. Ry. Co. v. Hammon, 92 Texas, 509; Copeland v. State, 36 Texas Crim. Rep., 576; Cotton States B. Co. v. Jones, 94 Texas, 497.

*C. D. Wright* and *Wilson & Wilson,* for appellees.

CONNER, CHIEF JUSTICE.—This suit was instituted by appellees in a Justice's Court of Briscoe County, where, without written pleadings of either party, they recovered a judgment against appellant, from which he duly appealed to the County Court, a like judgment against him being there rendered.

In the County Court appellant sought to present a written plea containing the general denial and certain facts urged as an estoppel.   This the court refused to permit, and also further refused to permit appellant to so plead orally, and for want of pleadings on his part peremptorily instructed the jury to find for appellees, which the jury did, to all of which appellant duly excepted and here assigns error.   The statute provides that "The pleadings in the Justice's Courts shall be oral, except where otherwise specially provided; but a brief statement thereof

may be noted on the docket." (Rev. Stats., art. 1603.) In the case before us, as appears from the transcript of the proceedings of the Justice's Court which was filed in the County Court as required by statute, there was no notation of a plea by appellant, and we are left to infer, as the appellees have filed no brief herein, that the County Court took the action assigned as error because of some of the provisions of Revised Statutes, article 358, which declares that: "Either party may plead any new matter in the County or District Court which was not presented in the court below; but no new cause of action shall be set up by the plaintiff, nor shall any setoff or counterclaim be set up by the defendant which was not pleaded in the court below; and in all such cases the pleadings shall be in writing and filed in the cause before the parties have announced themselves ready for trial."

While found among others relating to proceedings by *certiorari,* it has been expressly held that the article quoted applies as well to cases taken to the County Court by appeal, and that it does not prohibit amended pleadings of the character here sought. It is only new causes of action, setoffs and counterclaims not pleaded in the Justice's Court that are precluded by the statute. See Dental Mfg. Co. v. Hertzberg, 92 Texas, 528; Texas & N. O. R. Co. v. Jones, 23 S. W., 424; Bennett v. Paine, 38 S. W., 398; Brown v. Reed, 62 S. W., 73.

Error is also assigned to the action of the court in giving the peremptory instruction because of a want of sufficient pleadings on the part of appellees and for want of evidence supporting any cause of action, but inasmuch as upon another trial these objections will probably be obviated, we hardly think it necessary to discuss them.

Because of the court's error in excluding appellant's pleadings, however, the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*