SMITH v. DUPREE.†

(Court of Civil Appeals of Texas. San Antonio. Oct. 11. 1911. Rehearing Denied Nov. 8, 1911.)

LIMITATION OF ACTIONS (§ 13*)—ESTOPPEL—AGREEMENT TO WAIVE.

Where, prior to the expiration of limitations, plaintiff requested payment, and defendant on special occasions importuned plaintiff not to sue, agreeing that he would not plead limitations against the debt, on which request and promise plaintiff relied and forbore to sue, defendant was estopped, on being sued after limitations had run, to plead the statute.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 56–58; Dec. Dig. § 13.*]

Appeal from Harris County Court; A. E. Amerman, Judge.

Action by Blake Dupree against Elijah Smith. Judgment for plaintiff, and defendant appeals. Affirmed.

A. H. Jayne, for appellant. J. V. Meek, for appellee.

JAMES, C. J. The amended petition of Blake Dupree alleged legal services rendered appellant up to November 13, 1895, and sued for a fee of $350, a reasonable fee, and agreed to be paid by appellant, he promising on or about January 1, 1896, to pay same to plaintiff, and is indebted for same to plaintiff, with 6 per cent. interest from said last-named date. In view of a plea of limitations, the amended petition alleged, further, that from January 1, 1896, up to and during the year 1906, plaintiff frequently saw Elijah Smith, and on the occasion of each meeting Smith, on being asked to pay the fee, requested plaintiff to wait, stating that his finances were in bad shape, that he would soon be relieved financially and would pay plaintiff, and requested plaintiff not to sue, and promised that he would never plead the statute of limitation against the demand; that said statements were made during each year from 1896 to 1906; that plaintiff at all times relied upon said statements and promises, and therefore did not bring suit prior to 1906; that during 1906 Smith left the state of Texas, and since then has not returned to the state; that he left large interests in Harris county, and that R. M. Hall was his agent, having charge of all his business, with authority to contract as his agent; that plaintiff during 1906, and up to the fil-

ing of this suit, continuously discussed this matter with said agent; that said agent also informed plaintiff that Smith had assured him that his bill should be paid, and that he was authorized by Smith, to state to plaintiff not to bring suit, that he would pay the bill, and under no circumstances would he ever plead the statute against plaintiff's claim; that plaintiff acted upon said assurance and statement of Smith's agent, believing that Smith would pay the bill, or that he would never at any time plead the statute against plaintiff; and that being so caused to believe by the statements of Smith himself and of his agent, which were continuously made until the filing of this suit, plaintiff indulged the defendant and did not file this suit until September 23, 1909, and that by reason of said facts defendant is now estopped and cannot plead the statute of limitation against this demand, and to permit him to do so would be inequitable, and would be permitting defendant to perpetrate a fraud upon plaintiff. Defendant pleaded a general demurrer, same being based on the two and four year statutes of limitation, a general denial, and pleas of said statutes. The case was tried by the court, and judgment given for plaintiff, with foreclosure of an attachment lien on certain realty of defendant.

The allegations of the petition were clearly proved. Plaintiff's demand was not upon an acknowledgment of the debt, nor upon a contract of extension of the debt. There was no acknowledgment in writing alleged, and it is clear, under what was decided in Real Estate & Abstract Co. v. Bahn, 87 Tex. 583, 29 S. W. 646, 30 S. W. 430, that there was no contract of extension based upon a consideration. Plaintiff based his right to recover, notwithstanding the statute of limitations, squarely upon the fact that, at defendant's request and importunity that plaintiff would not sue, he would not at any time plead the statute against the debt, upon which request and promise plaintiff relied and forbore to sue. The rule upon this subject, laid down in Wood on Limitations, § 76, and well supported by authority, is in effect that such a promise, which the creditor acts upon, if made before the statutory bar has taken effect, operates, by estoppel, to deprive the debtor of the benefit of the plea. It is apparent that where the statute has taken effect, and the promise is made then, the creditor is not placed in a worse position than that he occupied when the promise was made, by the interposition of the plea. But the case is clearly different where the debt is not subject to the bar of the statute at the time the promise is made.

In the case before us the cause of action accrued in 1895, and according to the allegations and proofs the defendant, in each

year since then until the action was brought, in person or through his authorized agent, besought plaintiff not to sue him, promising in no event to plead the statute against the claim, and by such conduct obtained the indulgence, of which he now complains by making this defense. The justness of the debt is placed beyond question by the evidence, and plaintiff's allegations were established beyond any question. Equity will not permit the statute to be invoked under such circumstances. Our views on the subject are in accord with those expressed in a case which goes into a full and clear discussion of the question. Holman v. Bridge Co., 117 Iowa, 268, 90 N. W. 833, 62 L. R. A. 395, 94 Am. St. Rep. 293; also Bridges v. Stephens, 132 Mo. 524, 34 S. W. 555.

Judgment affirmed.