FREEMAN et al. v. W. B. WALKER & SONS.
(No. 5396.)

(Court of Civil Appeals of Texas. Austin. Feb. 18, 1915. On Motion for Rehearing, March 24, 1915. On Second Motion for Rehearing, May 5, 1915.)

1. ABATEMENT AND REVIVAL ☞45—GROUNDS OF ABATEMENT—TERMINATION OF RECEIVERSHIP.

The discharge of a receiver of a railroad company by the court appointing him, pending an action against him for damages to a shipment, operated as a complete bar from further liability against him, and it became the court's duty, when his discharge was shown, to dismiss the action against him.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 226–236; Dec. Dig. ☞45.]

2. JUSTICES OF THE PEACE ☞150—NEW TRIAL IN COUNTY COURT—DEFENSES—AVAILABILITY.

In an action against the receiver of a railroad company brought in justice's court and tried de novo in the county court, he could defend in the county court on the ground that he had been discharged by the court appointing him, though such defense was not pleaded in the justice's court.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 508–515; Dec. Dig. ☞150.]

3. APPEAL AND ERROR ☞1073 — HARMLESS ERROR—ERRONEOUS JUDGMENT.

The error in rendering judgment against the receiver of a railroad company, notwithstanding his discharge by the court appointing him was not rendered harmless by a recital in the judgment that execution should issue only against his codefendant; such judgment being final against him notwithstanding such provision.

[Ed. Note.—For other cases see Appeal and Error Cent. Dig. §§ 4240–4247; Dec. Dig. ☞1073.]

4. JUSTICES OF THE PEACE ☞152 — APPEALS —BRINGING IN NEW PARTIES.

Under Const. art. 5, § 16, providing that the county court shall have exclusive jurisdiction in all civil cases, when the matter in controversy shall exceed in value $200 and not exceed $500, and appellate jurisdiction in cases of which justice's courts have original jurisdiction when the judgment appealed from shall exceed $20, and section 19 giving justices of the peace jurisdiction in civil matters where the amount in controversy is $200 or less, and providing that appeals to the county court shall be allowed where the judgment is for more than $20, and Rev. St. 1911, arts. 1767, 2291, containing similar provisions, where, in an action against the receiver of a railroad company for damages to a shipment, he pleaded in the county court that the railroad's property and franchises had been sold, and that he had been discharged, plaintiff had a right to bring in the purchaser of such property and franchises as a defendant, though the amount in controversy would not have given the county court original jurisdiction; such purchaser having become liable to plaintiff under Rev. St. 1911, arts. 6624, 6625, relative to the liability of purchasers of the property and franchises of railroad companies.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 516–519; Dec. Dig. ☞152.]

5. LIMITATION OF ACTIONS ☞55—COMPUTATION OF PERIOD OF LIMITATION.

Where an action for damages to a shipment was brought against the receiver of a railroad company within two years after the cause of action accrued, and a purchaser of the railroad company's property and franchises, which became liable for the damages, was made a party to the action and served with process within two years from the time of its purchase, the action was not barred as against it, assuming that the two years' limitation applied.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 299–306; Dec. Dig. ☞55.]

6. LIMITATION OF ACTIONS ☞13—ESTOPPEL TO PLEAD LIMITATIONS.

Where the delay in filing suit was occasioned by reason of a promise of payment on the part of a defendant, which promise was based on plaintiff's forbearance to sue, such defendant was estopped from pleading limitations.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 56–58; Dec. Dig. ☞13.]

On Motion for Rehearing.

7. JUSTICES OF THE PEACE ☞44—JURISDICTION—AMOUNT IN CONTROVERSY—INTEREST.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 2322, providing that, when a claim or demand is lodged with a justice of the peace for suit, it shall be his duty to issue a writ or citation for the defendant, the succeeding article providing that the citation shall state the nature of plaintiff's demand, and article 2326 providing that the pleadings shall be oral, except where otherwise specially provided, but that a brief statement thereof may be noted on the docket, though where a suit is brought for damages, and interest is sought to be recovered from the time of the injury, the interest is a part of the damages and may be so considered in determining the jurisdiction, where the claim lodged with the justice of the peace showed that plaintiff sued for $185.24, with $10 as attorney's fees, no interest being mentioned, the citation issued by the justice described the action as one to recover the sum specified, and stated that plaintiff prayed judgment for such amount, with

"legal interest," attorney's fees, and costs, and a citation issued from the county court to a party brought in as defendant described plaintiff's claim as a claim for damages for $185.24, it affirmatively appeared that plaintiff sought only to recover interest on the judgment and not as a part of the judgment, and hence that the amount in controversy was within the jurisdiction of the justice's court, though the judgment entered in each court included interest on the amount of the damages, and was for an amount in excess of $200, especially as any doubt should be resolved in favor of the jurisdiction of the court, and also in view of the fact that defendants below contended that the justice's court did have jurisdiction, and that the county court therefore had no jurisdiction to bring in a new defendant.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 157–172; Dec. Dig. ☞44.]

### On Second Motion for Rehearing.

8. JUSTICES OF THE PEACE ☞44—JURISDICTION—AMOUNT IN CONTROVERSY—EXCESSIVE JUDGMENT.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 2291, providing that justices of the peace shall have original jurisdiction in civil matters where the amount in controversy is $200 or less, exclusive of interest, and article 2391 providing that any party to a final judgment in the justice's court may appeal therefrom to the county court, where such judgment or the amount in controversy shall exceed $20, exclusive of costs, where the claim filed with the justice, together with the citation and notation on the justice's docket, showed that the suit was for less than $200, with a prayer for interest on the judgment from the time of its rendition, and not for interest as a part of the damages, the justice's court and the county court on appeal had jurisdiction, though the judgments entered were for more than $200, and such judgments were not void, as the judgment must conform to, and be controlled by, the pleadings.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 157–172; Dec. Dig. ☞44.]

Appeal from Travis County Court; Wm. Von Rosenberg, Jr., Judge.

Action by W. B. Walker & Sons against Thomas J. Freeman, Receiver of the International & Great Northern Railway Company, and another. From a judgment for plaintiffs, defendants appeal. Affirmed in part, and in part reversed and rendered.

See, also, 175 S. W. 455.

Fisher & Fisher and Robert L. Thompson, all of Austin, and Wilson, Dabney & King, of Houston, for appellants. F. C. Morse and A. S. Phelps, both of Austin, for appelles.

RICE, J. This suit was originally brought in the justice's court by appellees against Thomas J. Freeman, receiver of the International & Great Northern Railway Company, to recover damages to a shipment of syrup from Taylor to Austin, over said road.

The receiver replied by general denial and a plea of two years' limitation. On trial appellees recovered judgment for the amount sued for, being the value of said syrup, together with $5 freight charges thereon, as well as $10 attorney's fee, from which an appeal was taken to the county court. There said receiver, on August 8, 1913, filed an amended answer, setting up, besides the defenses urged in the justice's court, a plea in bar, alleging his appointment and subsequent discharge by the United States Circuit Court for the Western District of Texas as receiver of the International & Great Northern Railway Company, and the sale and conveyance by him during such receivership of all the properties, rights, and franchises of said company, and also a plea urging that the loss, if any, to the shipment of syrup was due to its fermented condition at the time of shipment.

Thereupon appellees filed their motion to make the purchaser, the International & Great Northern Railway Company, a party defendant, which motion was granted, and said company, having been served with citation, appeared at the next term and filed its motion to quash same, which motion was overruled. It then filed its plea in abatement, urging want of jurisdiction in the county court as to it, for the reason that it had not been made a party defendant in the justice's court, and that the amount in controversy was less than the original jurisdiction of said county court. This plea in abatement, together with the plea of discharge of defendant Freeman, was overruled. Thereupon the railway company filed its original answer, containing a general demurrer, special exceptions under the two and four years' statutes of limitation, and likewise pleaded limitation of two and four years, and that the fermented condition of the syrup at the time of its shipment caused the loss.

Trial before the court resulted in a judgment against both defendants for the entire amount sued for, with a stipulation that execution should issue only against the International & Great Northern Railway Company, from which judgment both defendants have appealed.

[1-3] We think the court erred in overruling the receiver's plea in bar. The discharge of the receiver by the federal court pending litigation operated as a complete bar from further liability against him as such, and it became the duty of the court, upon pleading and proof showing said fact, to dismiss the proceedings against him. See Fordyce & Swanson, Receivers, v. Dubose, 87 Tex. 78, 83, 26 S. W. 1050; Brown v. Gay, 76 Tex. 446, 13 S. W. 472; Ryan v. Hays, 62 Tex. 47; Howe v. St. Clair, 8 Tex. Civ. App. 101, 27 S. W. 801; Tex., etc., Ry. Co. v. Watson, 24 S. W. 952. And this is true although the receiver did not plead his discharge in the justice's court. The trial being de novo in the county court, it was proper to make such defense on appeal. See R. S. 1911, arts. 759, 760, 1950; Curry v. Terrell, 1 White & W. Civ. Cas. Ct. App. § 239; Blanton v. Langston, 60 Tex. 149, approved in White Dental Mfg. Co.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

v. Hertzberg, 92 Tex. 529, 50 S. W. 122. See, also Davis v. Morris, 52 Tex. Civ. App. 184, 114 S. W. 684; Y. M. C. A. v Schow Bros., 161 S. W. 931. Nor was this error rendered harmless by the recital that execution should only issue against his coappellant, because such judgment was final against the receiver, notwithstanding such provision. See Bludworth v. Poole, 21 Tex. Civ. App. 551, 53 S. W. .719; vol. 1, Black on Judgments, p. 8, § 4; 23 Cyc. 669.

[4] It is urged on the part of the railway company, however, that it could not be made a party defendant to this proceeding while the case was pending on appeal in the county court; and that therefore the court erred in not sustaining its plea setting up want of jurisdiction on the ground that the amount in controversy, exclusive of interest, did not exceed the sum of $200, wherefore it was entitled to the benefit of a trial first in the justice's court, and could not lawfully be required to answer originally in the county court. By virtue of articles 6624, 6625, Revised Civil Statutes of 1911, the property and franchises purchased by appellant company from the receiver of said company passed to the latter, charged with and subject to the payment of all subsisting liabilities and claims against same in the hands of the receiver, where the same were not barred by. limitation, as therein provided. So that the company in this case, by reason of said purchase, took said property subject to this particular claim. This being true, appellees had the right, we think, to enforce payment of such claim against it. Appellant company cites, in support of its contention, Constitution of Texas, art. 5, §§ 16, 19; Rev. Stats. 1911, arts. 1767, 2291; Mo. Pac. Ry. Co. v. Wallis, 29 S. W. 1123; Butler v. Holmes, 29 Tex. Civ. App. 48, 68 S. W. 52; Land Mortgage Bank v. Voss, 29 Tex. Civ. App. 11, 68 S. W. 732; Gulf, etc., Ry. Co. v. Ford, 3 Willson, Civ. Cas. Ct. App. § 147; 2 Cyc. 784, 785.

On appeal from the justice to the county court, the case must be tried de novo, just as if originally brought in that court. The necessity for making appellant a party did not arise until the receiver filed his plea in abatement, whereupon the appellees immediately responded, asking that appellant railway company be made a party. This court, in the case of Marshall v. Stubbs, 48 Tex. Civ. App. 158, 106 S. W. 435, in an opinion delivered by Mr. Chief Justice Fisher, held that, on appeal from the county court to the district court in a probate proceeding, new parties might be made pending the appeal. See, also, Davis v. West Texas Bank & Trust Co., 116 S. W. 393; Grayson v. Hollingsworth, 148 S. W. 1135; Mo. Pac. Ry. Co. v. Smith (Sup.) 16 S. W. 803. In Davis v. West Texas Bank & Trust Co., supra, it was expressly held that on appeal to the county court from a judgment in garnishment proceedings before a justice, in which an attempt was made to bring in other claimants to the fund garnished than the judgment debtor, the county court might allow the intervention of such claimants. Cyc., in discussing this question, says:

"As a general rule, on appeal from a judgment of the justice of the peace the issues cannot be changed, as by setting up a new cause of action, but the cause must be tried in the appellate court upon the same issues that were presented in the court from which the appeal was taken. The rule, however, does not apply to new matter, such as payment, release, and what may have arisen after the trial below." 24 Cyc. 724b, and notes to cases from many states.

The same author further says:

"The cases, even those in the same jurisdiction, are greatly at variance as to the extent to which amendments as to parties may be allowed on appeal from justices of the peace. As a general rule, however, the appellate court may, in its discretion, and to promote the ends of justice, allow such amendments as to parties as do not change the cause of action. But, where a new party defendant is brought in by amendment, the court can acquire no jurisdiction to render judgment against him without due service of summons or an authorized appearance." 24 Cyc. 733, 734, and cases noted.

Our statute does not prohibit the making of new parties on appeal; the law abhors a multiplicity of suits. The refusal to permit the making of new parties in some instances would defeat the ends of justice, as where limitation might run in the meantime, if a new suit had to be filed, as contended by appellants. We believe in the instant case that justice is best subserved by holding that appellant company was properly made a party defendant, and therefore overrule its assignment complaining of the action of the court in this respect.

[5, 6] With reference to the plea of two years' limitation, we find that the suit was brought against the receiver in 1911, before the statute of limitation had run; and appellant company, by reason of its purchase from the receiver, assumed whatever liability there might be attached to the property at the time of its purchase and the receipt thereof, which occurred on the 16th of September, 1911. The pleading making it, a party was filed on the 8th of August, 1913, and service had thereon on the 11th of said month, which was within less than two years from the time of its purchase, so that said plea is not well taken. This action, however, was based on a bill of lading, and arose from failure to deliver part of the syrup, which was lost on account of the alleged negligence of appellant; and in such cases the four years' statute of limitation, instead of the two, seems to apply. See Williamson & Co. v. Tex. & Pac. Ry. Co., 166 S. W. 692; Elder, Dempster & Co. v. Railway Co., 105 Tex. 628, 154 S. W. 975. Besides this, the facts show, and the court found, that the delay in filing suit was occasioned by reason of a promise of payment on the part of appellant for the damages sustained, and this promise was based on appel-

lees' forbearance to sue, for which reason the court below held that appellant was estopped from setting up the plea of limitation. See Davies v. Texas Cent. Ry. Co., 133 S. W. 295; Smith v. Dupree, 140 S. W. 367. See, also, Holman v. Omaha & Council Bluffs Ry. & Bridge Co., 117 Iowa, 268, 90 N. W. 833, 62 L. R. A. 395, 94 Am. St. Rep. 293. We think the evidence showed that the syrup was in good condition when shipped, and that its loss was occasioned by reason of the negligence of appellant, in failing to properly fasten the barrels, so as to prevent them from knocking together.

We think the facts show that the claim for attorney's fees was properly allowed under the act of March 13, 1909. See Acts 31st Leg. p. 93, c. 47. The remaining assignments have been considered and are regarded as without merit.

Believing, for the reasons stated, that the case should be reversed and judgment here rendered in behalf of the receiver, it is so ordered; but finding no error justifying a reversal as to the International & Great Northern Railway Company, the judgment as to it is in all things affirmed.

Affirmed in part, and in part reversed and rendered.

### On Motion for Rehearing.

By inadvertence, the opinion heretofore rendered in this case was numbered 5395, whereas it should have been numbered 5396.

[7] Counsel for appellants have presented an able and ingenious motion for rehearing, reviewing all the questions discussed in our original opinion, and in addition thereto assert that the court committed fundamental error in not reversing the judgment and dismissing the case, because they insist that it is apparent of record, from the judgments entered in said case in both the justice and county courts, that both the amount sued for at the time said action was begun, as well as the amount recovered therein, was in excess of $200, hence not within the original jurisdiction of the justice's court, nor the appellate jurisdiction of the county court. The justice court judgment, in so far as it is deemed material to the point here involved, omitting formal parts, reads:

"That the court, after hearing the pleadings, evidence, and argument of counsel, took the case under advisement, * * * and, after fully considering the matters at issue, the court is of opinion that plaintiffs should have judgment as prayed for. It is therefore ordered and adjudged by the court that the plaintiffs W. B. Walker & Sons, a partnership composed of W. B. Walker, J. C. Walker, W. D. Walker, and T. B. Walker, do have and recover of and from T. J. Freeman, receiver of the International & Great Northern Railroad Company, the sum of $185.24, with interest from March 26, 1908, at the rate of 6 per cent. per annum, $10 attorney's fees, and all costs of this suit, for which let execution issue."

The county court judgment, omitting formal parts, after reciting that the case was tried before the court without a jury, proceeded, "Who, after having heard the pleadings, evidence, and argument of counsel thereon, and after considering the same, is of the opinion that the law is with the plaintiff, and that the plaintiff is entitled to judgment for the full amount sued for," then rendered judgment against both Freeman, as receiver of the International & Great Northern Railroad Company, and the defendant the International & Great Northern Railroad Company, "for the sum of $185.24, with interest thereon at the rate of 6 per cent. per annum from March 26, 1908, together with $10 additional for attorney's fees, and for all costs of suit in this court and in the justice court, from which the case was appealed."

Counsel for appellants have also moved the court to grant a writ of certiorari to bring up the original citation issued in the justice court, a certified copy of which is attached to this motion, which we presume, of course, to be correct. If said judgments are to be regarded as controlling, then appellants' contention would be correct, because where a suit is brought for damages, and interest is sought to be recovered from the time of the injury, then the authorities are to the effect that the interest becomes a part of the damages and may be so considered in determining the jurisdiction. See Pecos & N. T. Ry. Co. v. Rayzor, 172 S. W. 1103; Schulz v. Tessman, 92 Tex. 488, 49 S. W. 1031; Chicago, R. I. & G. Ry. Co. v. Crenshaw, 51 Tex. Civ. App. 198, 112 S. W. 117; Ft. Worth & R. G. Ry. Co. v. Mathews, 169 S. W. 1052. But we are of opinion that this matter should be determined, not alone by the judgment, but by an inspection of the whole record, and in so doing we should consider the plaintiffs' claim lodged with the justice when the suit was filed, as well as the citations issued and the notation made by the justice on his docket. The claim lodged with the justice shows that plaintiffs sued for $185.24, together with $10 as attorney's fees, amounting to the sum of $195.24 in all; no interest being mentioned in said account. The citation issued by the justice, omitting formal parts, reads:

"You are hereby commanded to summon T. J. Freeman, receiver of the International & Great Northern Railroad Company, to be and appear before me at my office in Austin, Travis county, Tex., at the next regular term of said court on the last Monday in March, A. D. 1911, at 10 o'clock a. m., to answer to the complaint of W. B., W. D., T. B., and J. C. Walker, under the firm name of W. B. Walker & Sons, in an action to recover of defendant the sum of $185.24, as damages on shipment of molasses from Austin to San Marcos, 4/6/08, as per demand on file herein. Plaintiffs pray judgment for said amount, with legal interest, $10 attorney's fees, and costs of suit," etc.

Article 2322 of Vernon's Sayles' Civil Statutes provides that, when a claim or demand is lodged with the justice of the peace for suit, it shall be his duty to issue forthwith a writ or citation for the defendant.

The succeeding article provides, among other things, that such citation shall state the names of all the parties to the suit and the nature of the plaintiff's demand (which, as we understand, embraces, among other things, the amount of the claim). It appears that the justice of the peace complied with the law in this respect, and issued his citation corresponding with the claim of plaintiff for $185.24, stating that the plaintiff prayed judgment for said amount, with legal interest and $10 attorney's fees. Article 2326, Id., provides that the pleadings in justice court shall be oral, except where otherwise specially provided, but a brief statement thereof may be noted on the docket. The notation made by the justice merely shows that the suit was for $185.24, without stating interest or giving date of the claim.

It further appears from the record that, after pleas were filed showing that Thos. J. Freeman had been discharged as receiver by the federal court, plaintiff was granted leave in the county court to make the International & Great Northern Railway Company (the purchaser of the property from the receiver) a party defendant pending appeal. Thereupon citation was issued from the county court against the International & Great Northern Railway Company, in which plaintiffs' claim is recited to be a claim for damages for $185.24. Thereafter said company, through its counsel, filed a plea in abatement, which, after giving style and number of the case, reads as follows:

"And now comes the International & Great Northern Railway Company and says that it appears from the plaintiffs' petition or demand herein that the cause of action, if any, upon which said company is cited to answer, and which is sought to be established against it, is less in amount than $200, and is therefore not within the jurisdiction of this court as to said company, either by virtue of the amount involved or by virtue of its not having been made a party defendant in the justice court and before appeal to this court, or both. Wherefore the said International & Great Northern Railway Company says that no judgment can be rendered against it in this proceeding, and prays judgment of the court that this suit abate as to said company, and that it go hence with its costs."

Plaintiffs' claim, as filed with the justice, was, we think, for an amount less than $200; the citation issued in the justice's court was for $185.24 as damages to a shipment of syrup. The prayer was for judgment for said amount, with legal interest, $10 attorney's fees, and costs. We think this citation, as well as that issued from the county court, affirmatively showed that the suit was for an amount within the jurisdiction of the justice's court, and that the notation on the docket of said court is corroborative thereof. In Pecos & N. T. Ry. Co. v. Rayzor, supra, where an effort was made to defeat the jurisdiction of the county court on the ground that the plaintiff sought recovery for more than $1,000, where the allegations were

that the suit was brought for $975, concluding with a prayer as follows:

"Wherefore plaintiff prays that the defendants be cited to answer this petition, and that on the trial hereof he have judgment for his said damages in the sum of $975, with legal interest thereon, for costs of suit, and for general relief"

—and where it appeared that the interest from the time of the injury, which was stated in the pleading, if added to said amount, would exceed the jurisdiction of the county court, Mr. Justice Phillips, in discussing a similar question, in effect holds that where it affirmatively appears that plaintiff seeks interest as a part of the judgment, and not as interest on the judgment, and the aggregate amount of both exceeds the jurisdiction of the court, then such court would have no jurisdiction; but where the allegation left it in doubt, as in the case then under consideration, whether interest was sought as a part of the damages or as interest upon the judgment, that such doubt should be resolved in favor of the jurisdiction of the court, citing in support thereof Dwyer v. Bassett, 63 Tex. 274.

So it seems that if, from the whole record, we should conclude that the question of jurisdiction was doubtful, it would be our duty, under the case last cited, to hold in favor of such jurisdiction. But is this question doubtful? It was not raised in the justice's court or county court, nor was it presented here in the briefs of appellants, but is now urged for the first time in the motion for rehearing. Counsel appearing here for appellants likewise appeared in both of the lower courts for the receiver, as well as for the appellant company; and since they participated in such trials in the court below, where they urged a plea in abatement, contending that the justice's court did have jurisdiction of the amount in controversy, we are not prepared to disagree with them in this conclusion, and therefore overrule the motion for rehearing.

Believing, however, that the court below erred in rendering judgment for interest from March 26, 1908, the same is now here so reformed as to render judgment for appellees for $185.24 and $10 attorney's fees, together with 6 per cent. interest on the whole amount, from the 23d day of January, 1914, the date such judgment was rendered, and, as thus reformed, said judgment will be affirmed; cost of appeal taxed against appellees.

Motion overruled.

On Second Motion for Rehearing by the International & Great Northern Railway Company.

[3] A second motion for rehearing by the International & Great Northern Railway Company, appellant, has been filed, predicated chiefly on the contention that, since the judgments of both the justice and county courts were for amounts in excess of $200,

said courts did not have jurisdiction, and therefore their judgments are void, and hence this court erred in reforming and affirming said judgment. This view, if maintained, leaves out of consideration what, in fact, may have been the amount in controversy, and gives controlling effect to the amounts as stated in the judgments themselves. We think the mere fact that such judgments were rendered for a greater amount than was in fact in issue will not have such effect, but that, in order to determine whether the court had jurisdiction, we must look to the entire record to ascertain what was the amount in controversy, irrespective of what amounts were recovered, as shown by the judgments themselves.

In 24 Cyc. 464, subd. 2, we find this language:

"As a general proposition, the amount claimed or in controversy in an action before a justice of the peace is the test by which his jurisdiction is to be determined."

Again, on page 645 in the same work, it is said:

"In most of the states the amount actually claimed or in controversy, or the value of the property in dispute, is the criterion by which the jurisdiction of the appellate court is to be determined, irrespective of the *verdict or judgment* in the justice's court" (italics ours)

—citing various cases in support of the text, among others Grooms v. Atascosa County, 29 S. W. 73; Horton v. McKeehan, 1 White & W. Civ. Cas. Ct. App. § 465.

Our own Constitution and statute on this subject is that:

"The courts of justice of the peace shall, in addition to the powers and duties elsewhere provided for, have and exercise original jurisdiction in civil matters of all cases where the amount in controversy is $200 or less, exclusive of interest." Vernon's Sayles' Civ. Stats. art. 2291; Constitution, art. 5, § 19.

Article 2391, Vernon's Sayles' Civ. Stats., provides that:

"Any party to a final judgment in a justice's court may appeal therefrom to the county court where such judgment, or the amount in controversy, shall exceed $20 exclusive of costs, and in such other cases as may be expressly provided by law."

The rule is elementary that the judgment must conform to and be controlled by the pleadings. In the instant case, since it appears from the entire record that the amount claimed was within the jurisdiction of the justice's court, the county court had appellate jurisdiction, notwithstanding the fact that the judgment was for an amount greater than $200. If correct in our original holding that the claim filed with the justice, together with the citation and notation on the docket, showed that the suit, as originally filed in the justice's court, was for $195, with a prayer for interest on the judgment from the time of its rendition, and not for interest as a part of the damages, then we think it is immaterial that the judgment, as entered in said court, was for more than $200, because the amount in controversy must have controlling effect. In Grooms v. Atascosa County, supra, it is held that, on appeal from the judgment in the justice's court, the amount in controversy, and not the amount of the judgment rendered, determines the jurisdiction of the appellate court.

Believing that the amount in controversy in this case was less than $200, we hold that the justice's court, as well as the county court, had jurisdiction of this case, notwithstanding the fact that the court rendered judgment for a greater amount; and therefore overrule the motion for rehearing.

Motion overruled.