## Texas Mutual Life Insurance Co. v. Martha E. Davidge.

1. PLEADINGS—CONSIDERATION.—A petition seeking to recover on a policy of insurance, is insufficient on demurrer unless it allege a consideration supporting the policy sued on.

2. VENUE—CORPORATION.—A suit against an incorporated company in a county other than where its principal office is, should distinctly allege that it is an incorporated company. The description of it as the "Texas Mutual Insurance Company" is insufficient.

3. CONSIDERATION OF POLICY—POWER OF AGENT.—It was error to exclude testimony showing that the act of an agent of an insurance company, in agreeing to accept payment of a premium otherwise than in money, was beyond the scope of his authority.

4. RECEIPT FOR MONEY.—The receipt for the premium recited in a policy of insurance, is subject to explanation, and may, as other receipts, be contradicted by parol testimony.

5. FALSE OR FRAUDULENT.—In an action on a policy of insurance, the plea being false representations in obtaining it: *Held*, A charge that, to avoid the policy, the misrepresentations must be found false and fraudulent, was erroneous, when the stipulations in the policy were to avoid it if the representations were false or fraudulent.

6. PLEADING—AVOIDANCE—DRUNKENNESS.—In a suit on an insurance policy, a plea of misrepresentation as to habits as to drunkenness on the part of assured: *Held*, That evidence, in reply, that the drunkenness of the assured was known to the agent of the company, could not be introduced in absence of replication setting it up.

APPEAL from Colorado. Tried below before the Hon. L. Lindsay.

September 4, 1874, Martha E. Davidge brought suit in the District Court of Colorado county, alleging "that on the 9th day of March, A. D. 1874, she obtained a policy of insurance in the Texas Mutual Life Insurance Company, whose principal office is in the city of Galveston, in Galveston county, Texas, upon the life of her husband, William F. Davidge, for the sum of $2,000 — gold dollars; that by the said policy of insurance the said Texas Mutual Life Insurance Company covenanted and agreed to pay," &c.; alleging his death, notice and proof of death, and asking citation to Galveston county, and for judgment, &c.

October 8, 1874, defendant filed general demurrer and general denial.

February 18, 1875, by amendment, defendant, under oath, pleaded want of consideration for the policy; that no premium, nor any part thereof, had been paid; and a special answer, alleging misrepresentations made in the application for the policy of insurance sued on, and an agreement that the policy should not be binding unless the premium was paid during the lifetime and good health of the deceased, William Davidge, and that the premium was not so paid.

The defendant urged against the petition that it did not implead the Texas Mutual Life Insurance Company by its act of incorporation, and did not allege that the company was a corporation, nor set forth that any consideration was paid to support the contract of insurance. The court overruled the demurrer. On the trial, the policy was read in evidence by the plaintiff. The defendant read in evidence the preliminary investigation, and introduced testimony tending to show that the deceased was of intemperate habits.

The defendant offered evidence to show that the first premium on the policy upon the life of William Davidge, of $49, gold, was never paid, but that one William Whitney, the special agent, made an agreement with Davidge to board out the amount of the premium, and that Davidge and Whitney agreed that a board bill due Davidge should be taken, &c.; which testimony was excluded.

Defendant also offered parol evidence that Whitney exceeded his authority as agent in making a contract with Davidge to take board in lieu of the first premium. This the court excluded, and all testimony showing Whitney's acts to be outside his authority, and all testimony impeaching the consideration or showing any state of facts other than the payment of the premium in money, as recited in the policy; holding that the receipt for the premium contained in the policy could not be contradicted.

The court charged the jury as follows:

"If you believe from the evidence that the policy of insurance was delivered by the agent of the Texas Mutual Life Insurance Company to the person assured, or to the beneficiary in the policy in the lifetime of the assured, it is evidence of the payment of the first premium according to the terms of the notification made by the company upon the back of its policy, and the jury must find for the plaintiff the amount of the policy, unless they believe that the assured, William Davidge, in his application for the policy of insurance, was guilty of some false and fraudulent representations to the company, or the suppression of some fact which the company sought to ascertain by medical examination of the assured, in order to obtain the policy."

The defendant asked the court to instruct the jury "that insurance companies have a right to prescribe any requisites, or ask any question they choose to applicants for insurance; and any misrepresentation, or concealment or suppression of facts, as regards the habits of the applicants, which would have influenced the company in taking the risk, if unknown to the company, will vitiate the policy; and if you believe from the evidence that Davidge was, at the time of applying for the insurance policy, addicted to the excessive or habitual use of intoxicating liquors to such an extent that had the facts of his said use of liquor been known to the company, and the facts concerning such use been truly represented, the company would not have assumed the risk, you will find for the defendant;" which was refused.

Verdict and judgment for the plaintiff. The defendant appealed.

*Waul & Walker*, for appellant.

I. Although a plea in abatement may be necessary to raise the question of jurisdiction when it is improperly averred, yet a demurrer is the proper method of presenting the objection, when the jurisdiction is not shown by the averments in the petition.

To give jurisdiction to the District Court, it is necessary to show by the petition that the defendant is a resident of the county where the suit is instituted, or that it obtains jurisdiction by reason of the exceptions enumerated in article 1423 of Paschal's Digest, or that the defendant is a corporation and subject to the provisions of law as enacted by the Legislature and approved March 21, 1874. (Paschal's Dig., art. 1423; Stats. 1874, pp. 31, 32; Ward v. Lathrop, 4 Tex., 180; Briggs v. McCullough, 36 Cal., 542; Sayles' Plead., sec. 89.)

II. A promise without consideration, averred in the petition, is a mere *nudum pactum,* and no recovery can be had thereon. (Jones v. Holliday, 11 Tex., 414; Holman v. Criswell, 13 Tex., 38; Hall v. York, 22 Tex., 641; Hardison v. Hooker, 25 Tex., 91; Sayles' Plead., 58–60; 1 Chitty on Plead., 321.)

III. The court erred in ruling that parol testimony was inadmissible to show the circumstances under which the policy was delivered, and that all evidence impeaching the consideration for the policy was inadmissible.

IV. Delivery of the policy of insurance may be presumptive evidence of the payment of the first premium according to the conditions on the back of the policy, but, like all other receipts, is subject to explanations to rebut the presumption.

In the application for insurance, it was agreed by the applicant that "the policy of insurance hereby applied for shall not be binding upon this company until the first premium, as stated therein, shall have been received by said company, or some authorized agent thereof, during the lifetime and good health of the person therein insured."

Upon the back of the policy is this indorsement: "Notice to the assured: payment of premiums.—This policy, when signed by two officers of the company, acknowledges and is a valid receipt for the first payment thereon."

Defendant offered to show in evidence that the first premium on the policy of insurance upon the life of William F. Davidge, of $49.56, gold, was never paid; but that William

Whitney, the special agent, agreed to board out the amount of the premium, and propounded the question to plaintiff on cross-examination, "Did Mr. Davidge agree to take the amount due by board bill of Mr. and Mrs. Whitney as an equivalent for the payment of the first premium upon the life policy?"

Defendant also offered to prove the admissions of plaintiff, that she refused to accept payment for the board of Whitney, the agent. (McGehee *v.* Shafer, 15 Tex., 198; 1 Greenl. Ev., secs. 284, 305; Bliss on Life Ins., sec. 376.)

V. An agreement between the agent of an insurance company and the assured, without the knowledge or approval of the company, to take anything but money for the payment of the premium, is a fraud upon the company. (McAlpin *v.* Cassidy, 17 Tex., 449; Hoffman *v.* John Hancock Mutual Life Ins. Co., 2 Otto, 161, 165; Bliss on Life Ins., sec. 281; Markey *v.* Mutual Ins. Co., 103 Mass., 78.)

VI. The delivery of the policy was only *prima-facie* evidence of payment, subject to explanation and to be contradicted. (McAlpin *v.* Cassidy, 17 Tex., 462; Bliss on Life Ins., secs. 261, 376; Sheldon *v.* Atlantic Ins. Co., 26 N. Y., 460; Bradley *v.* Potomac Ins. Co., 32 Md., 108.)

VII. Insurance companies have the right to prescribe the terms upon which they will issue policies to applicants, and when the stipulations or conditions are acceded to they will be enforced against both parties. (Galveston Ins. Co. *v.* Long, *supra;* Jeffries *v.* Life Ins. Co., 22 Wall., 47; Ætna Life Ins. Co. *v.* France, 1 Otto, 510; Foot *v.* Ætna Life Ins. Co., 61 N. Y., 571.)

VIII. In order to vitiate a policy, it is unnecessary that there should be any fraudulent intent in the mind of the applicant at the time of making the misrepresentations. It is not even necessary that he should know that his answers to the questions in the application are incorrect. If, in fact, the representations are not true, the policy will be avoided,

without reference to any design on the part of the applicant to defraud the insurer.

*F. Barnard,* for appellee.

I. Jurisdiction was conferred by the act of March 24, 1874, upon the District Court, of all causes of action against insurance companies doing business in this State, in the counties where the loss or cause of action occurred. (Act March 24, 1874, Gen. Laws.)

II. The defendant waived jurisdiction by answering to the merits of said cause at the time of filing the demurrer. (Wilson *v.* Zeigler, 44 Tex., 657.)

III. Any knowledge of the habits of the assured by the agent of the company was knowledge by the company.

The defendant proved by Mrs. Whitney that the agent of defendant boarded with the assured; also by Mrs. Davidge; and the presumption is that he knew the habits of Davidge, which would be knowledge to the company. (Union Mutual Life Ins. Co. *v.* Wilkinson, 13 Wall., 222; Miller *v.* Mutual Penn. Life Ins. Co., 31 Iowa, 316; Vose *v.* Eagle Life Ins. Co., 6 Cush., 42; Smith *v.* Ins. Co., 24 Penn., 320; Bliss on Life Ins., 110–115.)

GOULD, ASSOCIATE JUSTICE.—The court erred in overruling the demurrer to appellee's petition: 1st. Because the petition failed to allege any consideration supporting the policy of insurance sued on. (1 Chit. Pl., 262; Gould's Pl., sec. 27, p. 169; Jones *v.* Holliday, 11 Tex., 414.) 2d. Because the petition does not allege the corporate capacity of defendant, or otherwise state the party defendant. The description of the defendant as the "Texas Mutual Life Insurance Company" raises no presumption that it was an incorporated company. (Paschal's Dig., art. 1427; Briggs *v.* McCullough, 36 Cal., 542.)

The court also erred in refusing to admit evidence that the agent had agreed to take as an equivalent for the first pre-

mium his own board bill due to Davidge, and in excluding all parol evidence impeaching the consideration of the policy, and that the agent had acted outside the scope of his authority in accepting anything but a cash payment. The delivery of the policy with the indorsement upon it amounted to no more than a receipt for the first premium, and that receipt, as in other cases of receipts, was subject to be contradicted or explained by parol evidence. (Stachely *v.* Peirce, 28 Tex., 335; Bliss on Life Ins., sec. 376, and authorities cited.)

There was nothing in the delivery of the policy precluding an investigation of the truth of the plea impeaching its consideration and denying the payment of the first premium, and evidence was admissible as to the manner in which that premium was paid to the agent and the extent of his authority in receiving payments.

The charge of the court was objectionable, in that the defense of misrepresentation by the assured was not permitted to defeat the recovery unless it was both false and fraudulent. The special charge asked and refused was a more correct statement of the law. (Bliss on Life Ins., sec. 47, and authorities cited.)

If, as an answer to the defense of misrepresentation by the assured as to his habits of temperance, the plaintiff seeks to establish that those habits were known to the agent who acted for the company in negotiating the contract, that knowledge should have been pleaded in reply to the defense. (Texas Banking and Insurance Co. *v.* Stone, 49 Tex., 5.)

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.