Appellee, Richard Sellman, brought this suit in form of trespass to try title for the recovery of six sections of land in McCulloch county, Tex. The pleadings and agreement as to title converted the suit into a question of boundary, involving the location of three sections of the land sued for. The surveys really in controversy were office surveys, and were never located upon the ground, and the question to be determined by the court was, what lands were intended to be included within the surveys?
There is no necessity for setting out the evidence, in which there is no conflict. We conclude that the court properly found that the official map was incorrect, and that the surveys claimed by appellee were located with reference to the tier of surveys on the west one mile further north than shown upon said map, and that the land appearing on, said map to he covered by the Wilhelm Peter surveys was not, in fact, covered by any of the lands owned by appellee, and properly awarded judgment for said land to appellant.
We also conclude that the court was correct in holding that the intention in making the surveys of section 306 and the half sections 313-1 and 313-2 was to appropriate the land left vacant when the Broesche, Kuhlman, and Peter surveys were located, and not to appropriate the land already covered by said surveys. It is true that this construction renders it necessary to discard the calls for the surveys on the west; but it.is also true that under appellant's contention it would he necessary to disregard the calls for the Broesche and Peter surveys. It being necessary to disregard one or the other set of calls in the field notes, and the court having *Page 49 
found that the calls on the west were made under a mistake as to the relative position of said surveys, it was authorized to disregard said calls, and give effect to the real intention of the person who made the field notes.
There being no error in the judgment, it is affirmed.
Affirmed.
 *Page 155