## FIRST NATIONAL BANK OF MORGAN v. J. S. BROWN.

### Decided April 13, 1906.

1.—Garnishment—Corporation—Affidavit.

It is not required by our statutes that an affidavit for garnishment against an incorporated company must state that the company is "duly" incorporated when the purpose of the writ is to attach shares held by the judgment debtor in a corporation. Articles 219 and 1190, Revised Statutes, construed.

**2.—Same—Docket Entries—Issuance of Executions.**

An affidavit for garnishment stated that the judgment upon which the writ was applied for had been duly perpetuated by the issuance of executions, and gave the dates when executions were issued. From these dates it appeared that more than ten years had elapsed between executions. Said affidavit referred to the entries on the docket of the court in which the judgment was entered and made the same a part of said affidavit. Held, proper to consider the entries on said docket as a part of the affidavit for the purpose of determining whether the affidavit in fact shows upon its face that the judgment was dormant.

Appeal from the County Court of Galveston County. Tried below before Hon. Lewis Fisher.

*Wheeler & Clough,* and *McGowan & Wade,* for appellant.—Where it is apparent from the pleadings of the plaintiff that the defendant is not a natural person, the legal status showing the defendant to be such a person as can be sued must be alleged.

An affidavit for a writ of garnishment against a national bank, which does not allege that such garnishee is a corporation duly incorporated, is fatally defective. Sayles Civil Stat., 219, 1186; Underwood v. First National Bank, 62 S. W. Rep., 943; Way v. Bank of Sumner, 30 S. W. Rep., 497; Insurance Co. of North America v. Freidman, 74 Texas, 56; Texas Mut. Ins. Co. v. Davidge, 51 Texas, 244; Greenwood v. Pierce, 58 Texas, 133.

An affidavit for garnishment, alleging "that affiant has reason to believe and does believe that the garnishee is an incorporated company," does not dispense with the necessity of alleging that it is a corporation duly incorporated; nor does it raise presumption that it is a corporation. Greenwood v. Pierce, 58 Texas, 133; Underwood v. First Nat. Bank, 62 S. W. Rep., 943; Texas Mut. Ins. Co. v. Davidge, 51 Texas, 249; Briggs v. McCullough, 36 Cal., 542.

In a proceeding in the Justice Court for garnishment after judgment, the affidavit is the pleadings of the plaintiff; and if it affirmatively appears therefrom that the judgment is dormant, a writ issued thereon should be quashed on motion. Art. 2326 A Sayles Civ. Stat.; Friedman v. Early Gro. Co., 54 S. W. Rep., 278.

Where an affidavit for garnishment refers to a judgment by title, parties and number, for recitals, and states that "all the foregoing facts are shown of record in the civil docket of said court and the papers on file in the office of the justice of the peace, to which reference is made and the same made a part of said application," the docket and papers can not be referred to in aid of defective allegations in the affidavit, the contents and recitals of the docket and papers not being set out in the affidavit, over the signature of the affiant. Art. 6 Sayles Civ. Stat.; Art. 217-219 Sayles Civ. Stat.; Scurlock v. Gulf, C. & S. F. Ry., 77 Texas, 481.

*Cureton & Cureton,* for appellee.—That the affidavit for garnishment was sufficient, cited: Sayles Civ. Stats., art. 219; Bury v. Mitchell Co., 74 S. W. Rep., 341; Houston Water Works Co. v. Kennedy, 8 S. W. Rep., 36.

The garnishment proceedings are ancillary to the main suit in which judgment had been rendered, and the court was required to take judicial knowledge of the existence and terms of the original judgment. Jeffries v. Smith, 73 S. W. Rep., 48; Kelly v. Gibbs, 84 Texas, 143; Simon v. Greer, 34 S. W. Rep., 343.

Affidavit for garnishment in describing judgment need not state that Supreme Court's mandate has been filed in District Court. Hutcheson v. Clipper, 2 Posey U. C., 551.

Clerical error in affidavit which is corrected by context is immaterial. Broyles v. Jerrells, 14 Texas Civ. App., 374; Corrigan v. Nichols, 6 Texas Civ. App., 26.

PLEASANTS, Associate Justice.—This is an appeal from a judgment in a garnishment proceeding instituted by appellee against the appellant.

The judgment of the court below is sought to be reversed on the ground that the affidavit for garnishment is insufficient in that it fails to show that the appellant is a corporation duly organized and incorporated under the law, and because said affidavit shows upon its face that the judgment upon which the writ of garnishment was applied for was dormant at the time the application was made.

The affidavit is as follows:

"That affiant is J. S. Brown, one of the members of the firm of J. S. Brown & Co., a partnership, now dissolved, composed of J. S. Brown and J. M. Brown, both of Galveston, Galveston County, Texas; that said firm of J. S. Brown & Co. recovered judgment against Ross Bros., a firm composed of J. B. Ross and Dennis Ross, in the Justice Court of Precinct Number Two of Galveston County, Texas, on the 3d day of October, A. D. 1887, for the sum of $104 principal, and $25.60 costs of suit, together with legal interest thereon from October 3, 1887, to this date, said cause being numbered on the docket of said court No. 4,924, and styled J. S. Brown & Co., plaintiff, v. Ross Bros., defendants; that said judgment is owned and held by affiant J. S. Brown and has been duly perpetuated by the issuance of executions from time to time on the following dates, to wit: October 4, 1887; February 8, 1887, to Johnson County, Texas; May 1, 1888, to Johnson County, Texas; October 30, 1889, to Johnson County, Texas; October 24, 1889, to Galveston County, Texas; August 11, 1902, to Johnson County, Texas; and September 29, 1902, to Bosque County, Texas, respectively; that said judgment is a subsisting, unpaid and unsatisfied judgment against the said J. B. Ross as a member of the firm of Ross Bros.; that the said J. B. Ross was served personally with citation on September 13, 1887; that all the foregoing facts are shown of record in the Civil Docket of said court and the papers on file in the office of the justice of the peace of precinct No. 1 of Galveston County, Texas, in the city of Galveston, to which reference is here made, and the same is made a part of this application; that said judgment, costs of suit, and legal interest of 6 percent per annum from October 3, 1887, are wholly unpaid and unsatisfied in whole or in part, and that neither J. B. Ross, or Dennis Ross, nor the firm of Ross Bros. have, within the knowledge of affiant, property in the possession of either of them or in possession

of said firm of Ross Bros. within this State, subject to execution, sufficient to satisfy such judgment.

"And that affiant has reason to believe and does believe, that the garnishee, The First National Bank of Morgan, located in the town of Morgan, Bosque County, Texas, is an incorporated Company, and that the defendant J. B. Ross is the owner of shares of stock in said company and has an interest therein.  J. S. Brown.

"Sworn to and subscribed before me this 22d day of June, A. D. 1904.

"R. H. Berry, Justice of the Peace, Precinct No. 1, Galveston County, Texas."

We think neither of the objections to the affidavit should be sustained. The cases cited by appellant in support of the proposition that the affidavit is insufficient because it fails to state that appellant company was "duly incorporated," are Underwood v. Bank, 62 S. W. Rep., 943; Way v. Bank of Sumner, 30 S. W. Rep., 497; Insurance Co. of North America v. Friedman, 74 Texas, 56; Texas Mut. Ins. Co. v. Davidge, 51 Texas, 244, and Greenwood v. Pierce, 58 Texas, 133.  The cases cited, except the case of Way v. Bank, *supra,* hold that a petition in a suit or an affidavit in garnishment against a national bank, a railway company, or other corporation, which fails to allege that the defendant company is incorporated is subject to exception for lack of such allegation.  It is, we think, clear that these cases do not sustain appellant's contention.

The case of Way v. Bank, holds that a special exception to a petition in a suit against a national bank on the ground that the petition failed to allege that the bank was "duly" incorporated should have been sustained.  This conclusion, however, was based upon the construction given by the court to article 1190 of the Revised Statutes and, if it is conceded to be sound, is not authority for the proposition that an affidavit for garnishment against an incorporated company must state that the company is "duly" incorporated.

The affidavit in this case is in strict compliance with article 219 of the Revised Statutes prescribing the requisites of an affidavit for garnishment when the purpose of the writ, as in this case, is to attach shares held by the judgment debtor in a corporation.  This statute only requires the applicant to state in his affidavit that the "garnishee is an incorporated company," whereas article 1190 which controlled in the decision of the Way case, *supra,* requires that a petition in a suit against a corporation shall allege that the defendant is "duly" incorporated. There may be no sound reason for a difference in the requisites of a petition and an application for a writ of garnishment against a corporation, but the Legislature has seen fit in the exercise of its unquestionable authority to make a distinction, and the appellee was only required to comply with the statute.

The second objection to the affidavit presents a more difficult question.  While the application states positively that the judgment upon which the writ is applied for has been duly perpetuated by the issuance of writs of execution, from the dates given in the affidavit it appears that more than ten years elapsed between the issuance of the fifth and sixth execution on said judgment.  But the affidavit further states: "that all of the foregoing facts are shown of record in the Civil Docket

of said court and the papers on file in the office of the justice of the peace of precinct No. 1 of Galveston County, Texas, in the city of Galveston, to which reference is here made and the same are made a part of this application." The docket of the court referred to in the affidavit shows that the fifth execution was issued on October 24, 1899, instead of 1889, as stated in the application, and there was no lapse of ten years between the issuance of executions on said judgment.

It seems to be well settled that a valid writ of garnishment can not be issued upon a dormant judgment. (Freidman v. Early Gro. Co., 54 S. W. Rep., 278.) And it is also the law that the papers in the original suit can not be looked to to supply necessary statements in an affidavit for writ of garnishment. (Scurlock v. Gulf, C. & S. F. Ry. Co., 77 Texas, 481.)

The application and affidavit in this case contains all of the statutory requirements. The judgment upon which the writ is applied for is fully described and identified and is alleged to be subsisting and enforceable. It was unnecessary for the application to go further and state the dates upon which the writs of execution were issued, but having done so its sufficiency depends upon whether we can consider the entries upon the docket of the court referred to in said affidavit as a part thereof, and if so considered whether we may regard the statement that the fifth execution was issued on the 24th of October, 1889, as an immaterial clerical error.

We think both of the questions above suggested should be answered in the affirmative. Article 1579 of the Revised Statutes requires every justice of the peace to keep a civil docket in which his judgments are to be entered. This article specifically enumerates the entries which it is the duty of the justice to make upon said docket, in addition to the judgment, and among them is the time of the issuance and return of executions. A court will take judicial knowledge of the existence and terms of its own judgments and entries in its minutes, and we think this rule should apply to all the entries made by a justice of the peace upon his civil docket in compliance with the statute above cited. (Kelly v. Gibbs, 84 Texas, 143; Jefferies v. Smith, 73 S. W. Rep., 48; Simon v. Greer, 34 S. W. Rep., 343.)

It follows from this rule that it was unnecessary for the affidavit in this case to show the dates upon which writs of execution were issued upon the judgment, since the court to which the writ was returnable would take judicial knowledge of the entries upon the docket showing such dates.

The statement in the affidavit of the date upon which the fifth execution was issued being contradicted by the statement that the judgment had been duly perpetuated by the issuance of execution from time to time, and the justice docket having been referred to for a verification of both statements, we think it proper to consider the entries upon said docket as a part of the affidavit for the purpose of determining whether the affidavit in fact shows upon its face that the judgment was dormant. As before stated, it appears from this docket that the fifth execution was in fact issued on October 24, 1899, and the statement in the affidavit that the judgment had been duly perpetuated is true. It follows that the statement of the date in said affidavit as October 24, 1889, is

manifestly a clerical error which is corrected by other parts of the affidavit and the record therein referred to, and was therefore immaterial. (Broyles v. Jerrell, 14 Texas Civ. App., 374; Corrigan v. Nichols, 6 Texas Civ. App., 26.)

We do not think this holding conflicts with the rule that the papers in the original suit can not be looked to for the purpose of supplying necessary allegations in the affidavit for writ of garnishment, announced in Scurlock v. Railway Company, *supra.*

We are of opinion that the judgment of the court below should be affirmed, and it has been so ordered.

<div align="right">

*Affirmed.*