**WOMACK CONST. CO. v. RHODES.**
(No. 1855.)

(Court of Civil Appeals of Texas. El Paso. April 15, 1926.)

**Appeal and error** ⚖️1040(10)—**Failure to sustain defendant corporation's objection to plaintiff's failure to allege that it was duly incorporated held reversible error (Rev. St. 1911, art. 1822).**

Failure to sustain defendant corporation's objection to plaintiff's petition, which alleged it to be "private corporation organized under" laws of state, on ground of failure to allege that it was "duly incorporated," *held* reversible error, in view of Rev. St. 1911, art. 1822, where special exception, pointing out omission, was overruled, and omission was again called to attention of trial court in motion for new trial.

Appeal from District Court, Stephens County; C. O. Hamlin, Judge.

Action by B. F. Rhodes against the Womack Construction Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Goggans & Allison, of Breckenridge, for appellant.

L. H. Welch, of Breckenridge, for appellee.

WALTHALL, J. This suit was brought by B. F. Rhodes to recover damages of the Womack Construction Company for alleged injuries to a building known as the Hollis Hotel situated on Walker street in the city of Breckenridge. The allegation in the petition, in substance, is that appellant was engaged in excavating and paving Walker street and in blasting in front of said Hollis Hotel was negligent in the manner and use made of explosives with insufficient screens to prevent rocks and débris from being thrown out, and in not having the screens sufficiently fastened to prevent rocks from being thrown out, resulting in rock being thrown on the top and against and in the said building, thereby causing the damages to said building complained of, and thereby necessitating repairs to be made to said building, stating the repairs made and the costs of same.

### Opinion.

Plaintiff alleged:

"That the defendant is a private corporation organized under the laws of the state of Texas."

To the above the defendant excepted as follows:

"Defendant further specially excepts to said petition, for the reason that same does not allege defendant is a corporation duly incorporated."

The court, by order, overruled the exception, to which the defendant excepted, and made the action of the court in overruling the exception one of the grounds in its amended motion for a new trial.

Article 1822, R. S. 1911, in effect when the case was tried, provides that:

"In pleading the charter or act of incorporation of any corporation, public or private, it shall not be necessary to set out at length such charter or act of incorporation, but it shall be sufficient to allege that such corporation was duly incorporated; and such allegation by either party shall be taken as true, unless denied by the affidavit of the adverse party, his agent or attorney."

---

⚖️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appellant insists that, in view of the above statute, it was reversible error to overrule the special exception.

Without going into a discussion of the question presented, we must content ourselves by referring to Way et al. v. Bank of Sumner (Tex. Civ. App.) 30 S. W. 497, in which the exact question presented here is presented and decided as contended for by appellant. In deciding that case Chief Justice Tarlton distinguishes it from Water-Works v. Kennedy, 70 Tex. 233, 8 S. W. 36. The question was again before the Fort Worth court in Bury v. Mitchell (Tex. Civ. App.) 74 S. W. 341. In that case the opinion states:

"No exception or other notice thereof has been taken until after verdict."

The court in that case seems to hold that the omission complained of constitutes an omission of a formal requisite of which an advantage can be taken by and only by a special exception. In the case at bar a special exception clearly pointed out the omission in the petition. Where that is done, and the exception is overruled, and where the omission is again, as here, complained of and called to the attention of the trial court in the motion for a new trial, to disregard it would be, as said in Way v. Bank, supra, to ignore the plain language of the statute.

Under the view we take of the question presented, in view of the holdings in the cases referred to, the case must be reversed and remanded.

Reversed and remanded.