## Lincoln Bank & Trust Co. v. Arnold et al.

(Decided Oct. 30, 1934.)

COLEMAN TAYLOR and J. M. HENDRICKS for appellant.

E. J. FELTS for appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

On September 4, 1932, O. A. Bland executed his note to R. R. McClelland for $1,461.55 due four months from date, with Mrs. W. E. Arnold, a widow, as surety. At the time Mrs. Arnold became surety on the note, Bland

agreed to give her a mortgage on certain real estate to secure her. The mortgage was prepared and presented to Mrs. Arnold, but observing that Bland's wife had not signed the mortgage, Mrs. Arnold refused to accept it and told Bland to have his wife join in the mortgage with him. Bland retained the mortgage in his possession, presumably for the purpose of having his wife sign it, but for some unexplained reason the mortgage was never delivered to Mrs. Arnold.

In the following spring, on March 23, 1933, Bland borrowed $1,460 from the Lincoln Bank & Trust Company (hereinafter referred to as the bank), and to secure the loan he executed a mortgage on certain real estate including the same that he had promised to mortgage to Mrs. Arnold to secure her as indorser on the McClelland note. The bank's mortgage was not recorded until April 19, 1933. At the time Bland obtained the loan from the bank and executed the mortgage to it as stated above, the note to McClelland secured by Mrs. Arnold was considerably past due and unpaid except one credit of $87. Mrs. Arnold learned that Bland had or was attempting to mortgage, convey, or otherwise dispose of his property, whereupon, on March 28, 1933, and before the bank had recorded its mortgage, she filed her suit in the Logan circuit court against Bland and McClelland in which she alleged, in substance, that the note of Bland to McClelland on which she was accommodation indorser was past due and unpaid subject to the small credit above mentioned, and that McClelland was making no effort to collect same or otherwise use due diligence to protect her interest as such indorser, and Bland was about to sell, convey, or otherwise incumber and dispose of his property with the fraudulent intent to cheat, hinder, and delay his credits, and prayed for general order of attachment which was issued and levied upon the lands of Bland.

The bank filed its intervening petition in which it traversed the allegations of Mrs. Arnold's petition and asserted its rights under the mortgage, and asked that the plaintiff's petition and attachment be dismissed and that it be adjudged to have the first and superior lien on the property by virtue of its mortgage.

R. R. McClelland filed his separate answer and cross-petition in which he admitted that Mrs. Arnold

signed the Bland note as surety and that the note was past due and unpaid and the principal and surety on the note (Bland and Mrs. Arnold) were failing and refusing to pay same, although he had made repeated demands upon each of them for payment, and prayed judgment against them and each of them for the sum of the note with interest.

After the evidence was taken the court rendered judgment adjudging that Mrs. Arnold recover against O. A. Bland, for the benefit of herself and McClelland, the sum of the note with interest and sustained the attachment and adjudged Mrs. Arnold a first and superior lien on the interest of O. A. Bland in the real estate covered by the attachment; and further adjudged that McClelland recover over and against Mrs. Arnold and O. A. Bland the sum of the note and that the real estate be sold and the proceeds thereof applied to the payment of the note. And further adjudged that the bank recover over and against O. A. Bland the sum of $1,460 with a second lien on the real estate covered by Mrs. Arnold's attachment and a first lien on certain other real estate covered by the Bland mortgage to it. Apparently the liens adjudged in favor of the bank were insufficient to secure its loan, and it appeals from that judgment.

As grounds for reversal the bank insists that: Mrs. Arnold's attachment was void for the want of proper allegations or affidavit as provided by the Code (Civil Code of Practice sec. 196); that the surety cannot maintain an action for direct recovery unless such surety first paid the indebtedness; that the evidence fails to sustain the attaching allegations of the petition.

The allegations of the petition relating to the grounds of attachment are in this language:

"Plaintiff further states that she is informed, believes and so states and charges that the said O. A. Bland is now disposing of his property and attempting to dispose of same, incumber and attempting to incumber same, with the fraudulent intent to defeat this plaintiff in her security * * *."

The verification of the petition is as follows:

"The affiant, Mrs. W. E. Arnold, says that she is the plaintiff in this action and that the allegations

of the foregoing petition are true as she verily believes.''

It is argued that there is no positive statement made to support the grounds of attachment and that the words ''states and charges'' are modified by the words ''informed and believes,'' and therefore expresses a belief only. The words ''states and charges,'' in our view, constitute a positive statement, notwithstanding they are preceded by the words ''informed and believes.'' The instances may be rare .where the pleader absolutely knows as a matter of fact that his allegations are true, and, even though they are based upon information and belief, if he makes a positive statement that the acts were or are about to be committed, it is immaterial that the pleader is acting upon belief and information, and the allegation is sufficient if it is positive in character; and where the allegations are positive, a verification that they are true as the pleader ''believes'' is sufficient. Williams v. Martin, 58 Ky. (1 Metc.) 42; Ryon v. Bean's Adm'r, 2 Metc. 137; Kengreen Gas Utilities Corp. et al. v. Crozer et al., 244 Ky. 440, 51 S. W. (2d) 262. Appellant cites and relies upon the case of Williams v. Martin et al., supra, and other cases of similar holding wherein the language used was that the pleader was ''informed and believed'' or other similar expressions but did not use the words ''state and charge'' or other positive statements, as appear in the case at bar. In Williams v. Martin et al., supra, and other cases of similar holding wherein the language used was that the pleader was ''informed and believed'' or other similar expressions but did not use the words ''state and charge'' or other positive statements, as appear in the case at bar. In Williams v. Martin, supra, the language of the petition relating to the grounds of attachment was that the pleader ''says he is informed, and believes,'' that the defendants were about to sell, convey, etc., but these words were not followed by the words ''states and charges'' or other similar expressions, and the court held that the language used was insufficient to state grounds of attachment. Said the court: ·

''Here the statement is, not that the defendants were about to convey, but that the plaintiff had been informed, and believed, they were. A denial would only put in issue the information and belief of the plaintiff, and not the fact essential to the validity

of the attachment. If the statement had been that he was informed, and believed, *and so charged,* that defendants were about to convey, etc., or in any other form making a direct allegation, though showing the grounds upon which it was based, *it would have been sufficient.* But *without* such direct averment it is clearly defective.'' (Italics ours.)

It is further argued that plaintiff's allegations for an attachment were defective because she did not state that defendant ''has no property within this state subject to execution.'' While she did not use the exact language above quoted, she did state that ''the collection of said demand will be endangered by delay in obtaining judgment and a return of no property found, and that he will defeat the plaintiff in her protection and put his property without the power of the said McClelland and this plaintiff to collect against the said Bland.'' These allegations are tantamount to saying that Bland had not (or would not have in case of delay) property in this state subject to execution, because if Bland had or was about to commit the acts alleged, the result would be that he would have no property in the state subject to execution. The case of Clolinger v. Callahan, 204 Ky. 33, 263 S. W. 700, is a case where the affidavit for attachment did not contain the word ''intent.'' On appeal to this court we held that the omission of the word ''intent'' was immaterial, there being other words used conveying same meaning. We conclude that the language used in the petition as a whole was sufficient to warrant the attachment.

The further argument is that Mrs. Arnold could not maintain this action for direct recovery unless she had first paid the indebtedness. It may be true that Mrs. Arnold could not have maintained the action for recovery solely for her personal benefit had she not first paid the indebtedness. There are certain allegations in the petition, when standing alone, which may indicate that she was attempting to recover for her own benefit. But from the petition as a whole as well as all other pleadings, it is obvious that the purpose of her action was to recover for the benefit of herself and McClelland,· the payee of the note, which was approximately three months past due at the time she filed her suit. If the note had not been due, Mrs. Arnold's remedy would have been limited to an action for indemnity; but the note having matured she was authorized to proceed in

the manner she did by virtue of sections 661 and 662 of the Civil Code of Practice. Taylor v. Harris' Adm'r, 164 Ky. 654, 176 S. W. 168; Alexander et al. v. West et al., 241 Ky. 541, 44 S. W. (2d) 518. The prayer of the petition is as follows:

"Wherefore:—Plaintiff prays judgment adjudging her a first and superior lien upon the real estate of the said Bland and described in the exhibit filed herewith, to the extent of her liability as surety on said note, for the enforcement of same, and a sale of said property or a sufficient amount to satisfy the liability of this plaintiff on said note, and the costs of this action; for a general order of attachment against the said O. A. Bland; and upon the failure of the said McClelland to diligently prosecute his claim and secure same against the said O. A. Bland, that this plaintiff be by judgment relieved from any liability to the said McClelland, by reason of her having signed said note as aforesaid and as set out in the petition herein, for her costs, herein expended and for all proper, equitable and legal relief to which she may appear entitled."

It is insisted for appellant that by the prayer of the petition the plaintiff did not ask that Bland be required to pay McClelland the note but attempts to recover for herself. But it will be noticed that in the prayer of the petition plaintiffs asks "for all proper, equitable and legal relief to which she may appear entitled." Under a general prayer in the language above quoted, the court may grant such relief as may be proper without regard to specific relief prayed for, and this rule is particularly true where a defense has been made, as provided in section 90 of the Civil Code of Practice. In the case at bar all interested parties were before the court and presented their issues and evidence relating to same. In these circumstances, the court was authorized to render judgment according to the equities and rights of the parties.

It is also insisted that in the affidavit for attachment, Mrs. Arnold stated the sum she ought to recover instead of stating the sum the defendant should pay as provided in subsection 2 of 662 of the Civil Code of Practice. We are not unmindful of the rule that a reasonably strict compliance with the Code must be had relating to attachments and other summary proceedings.

But this rule does not mean that the exact words used in the Code must always be resorted to, when there is other language used conveying the same meaning and where the intention and purpose of the parties are obvious. Mrs. Arnold's petition, as well as all other pleadings, conclusively show that the purpose of the action was to protect Mrs. Arnold in her suretyship. It is specifically alleged and requested in the petition that the land attached to be sold and the proceeds thereof applied to the payment of the McClelland note secured by Mrs. Arnold. The amount of the note and the obligation for which Bland was primarily liable is specifically stated and shown, and it is obvious that this is the amount he should pay, and therefore it is immaterial that Mrs. Arnold stated that she should recover this amount instead of stating that Bland should pay this amount. We do not mean to say that this provision of the Code should be ignored or treated lightly under all circumstances. In some circumstances a literal compliance may be mandatory. If the allegations of the petition and the prayer as a whole indicated that Mrs. Arnold was attempting to recover for her sole benefit, a different case might have been presented. But, as above stated, it is obvious and undisputed by any party to the record that the purpose of the suit was for the benefit of Mrs. Arnold as surety, and McClelland as payee of the note, and all the benefits Mrs. Arnold expected to derive from the action was her protection as surety and the case was prepared and tried on that theory.

Furthermore, the court did not adjudge that Mrs. Arnold should recover for her personal benefit, but it was adjudged that the sum so recovered be applied as a credit on the note, to the extent of the suretyship, which was the sole purpose of the action.

It is argued also that the testimony fails to sustain the attaching allegations of the petition. It is admitted by all parties that Bland mortgaged his property to the bank at a time when his note to McClelland secured by Mrs. Arnold was outstanding and past due. While it is shown that Bland owned various tracts of real estate, yet the evidence as a whole conduces to show that he was considerably financially involved and a part of his property was in Florida, which of course, was without the jurisdiction of the court. It was not made to appear that Bland's Kentucky property was sufficient to meet

all his obligations. The evidence as a whole is sufficient to support the finding of the chancellor that Bland's financial condition was such as would warrant the sustaining of the attachment.

It is further argued in brief for appellant that Mrs. Arnold sought a lien on Bland's property by reason of Bland's promise to mortgage same to her. If Mrs. Arnold had relied alone upon the verbal promise to mortgage the property, she would not have obtained the attachment, which, of course, is the only source of her lien, and it was by virtue of the attachment that the chancellor adjudged her a lien on the property. It is conceded that Mrs. Arnold's attachment was levied on the property prior to the recording of the bank's mortgage, and, therefore, she acquired the first lien on the property and the chancellor did not err in so holding.

Perceving no error prejudicial to the substantial rights of appellant, the judgment is affirmed.

The whole court sitting.