## AMERICAN NAT. INS. CO. v. BRIGGS.
### No. 2860.

Court of Civil Appeals of Texas. Beaumont.
Jan. 31, 1936.

Rehearing Denied Feb. 5, 1936.

Barnes & Barnes, of Beaumont, for appellant.

A. L. Shaw and F. S. Jones, both of Beaumont, for appellee.

WALKER, Chief Justice.

This was an action by appellee, Arthur Briggs, against appellant, American National Insurance Company, to recover damages for total permanent disability, under the conditions of one of appellant's insurance policies. For the purpose of this opinion we adopt the statement made on the former appeal of this case, American National Ins. Co. v. Briggs (Tex.Civ.App.) 70 S.W.(2d) 491. On the mandate from our court the case was tried a second time, with judgment in favor of appellee for the sum of $1,303.80, the amount of the matured installments on the policy at the date of judgment. The case was submitted to the jury on the following issues, answered as indicated:

"Issue 1. Do you find from the preponderance of the evidence that the plaintiff, Arthur Briggs, sustained the alleged bodily injuries on the 24th day of March A. D. 1930 through external violence and accidental means? Answer: 'Yes.'

"Issue 2. Do you find from the preponderance of the evidence, said accidental bodily injuries, if any, is the result of plaintiff, Arthur Briggs, disability? Answer: 'Yes.'

"Issue 3. Do you find from the preponderance of the evidence that the plaintiff, Arthur Briggs, has ever suffered from syphilis during the life of this policy? Answer: 'No.'

"Issue 4. If you have answered that plaintiff is suffering from syphilis, then answer this question: Do you find from a pre-ponderance of the evidence that the plaintiff had syphilis prior to March 24th, 1930? Answer: 'No.'

"Issue No. 5. If you have answered that plaintiff is suffering incapacity because of syphilis, then answer this question: Do you find from a preponderance of the evidence that the plaintiff did not have syphilis prior to March 24, 1930? Answer: 'Plaintiff did not have syphilis prior to March 24th, 1930.'

"Issue 6. Do you find from the preponderance of the evidence that said accidental bodily injuries, if any, are the direct result of plaintiff's disability, if any, exclusive of all other causes? Answer: 'Yes.'

"Issue 7. Do you find from the preponderance of the evidence that said accidental bodily injuries to plaintiff, if any, have wholly and continuously prevented plaintiff from performing any and every duty pertaining to any business between the 14th day of June, 1931, to and including December 6th, 1934? Answer: 'Yes.'

"Issue 8. Do you find from the preponderance of the evidence that said accidental bodily injuries to plaintiff, if any, have continuously and wholly prevented plaintiff from performing any and every duty pertaining to any occupation from the 14th day of June, 1931 to and including December 6th, 1934? Answer: 'Yes.'

"Issue 9. Do you find from the preponderance of the evidence that said accidental bodily injuries, if any, have prevented the plaintiff, Arthur Briggs, from performing one or more important daily duties pertaining to any occupation from the 14th day of June, 1931, to the 6th day of December, 1934? Answer: 'Yes.'"

### Opinion.

Appellee alleged that appellant was "a corporation * * * doing business in the State." The failure to allege that appellant was "duly incorporated," within the requirement of article 1999, Revised Statutes, was not error. The purpose of article 1999 was to relieve the plaintiff of the burden of proving the incorporation as alleged. To have the benefit of article 1999 the plaintiff should allege the incorporation within the language of the statute. However, the recent authorities are to the effect that the failure to allege that the defendant was "duly incorporated" does not necessarily constitute error. Tex. & P. Railway Co. v. Bufkin (Tex.Civ.App.) 46

S.W.(2d) 712; St. Paul Fire & Marine Insurance Co. v. Ernest (Tex.Civ.App.) 293 S.W. 677, 687; Houston Water-Works v. Kennedy, 70 Tex. 233, 8 S.W. 36. But there are authorities to the contrary. Womack Construction Co. v. Rhodes (Tex.Civ. App.) 283 S.W. 1108; Bury v. J. E. Mitchell Co. (Tex.Civ.App.) 74 S.W. 341; First Nat. Bank v. Brown, 42 Tex.Civ.App. 584, 92 S.W. 1052, 1053; Way v. Bank (Tex. Civ.App.) 30 S.W. 497. However, in this particular case appellee proved that appellant was incorporated as alleged and, therefore, article 1999 was not invoked.

 Under the conditions of this policy (see statement on former appeal) appellee was not entitled to recover if his disability was partly due to disease. This defense was clearly raised by the evidence, and appellant prepared and presented to the trial court special issues calling this defense to the direct attention of the jury. The refusal to submit this defense constitutes error. We so held on the former appeal; see fifth syllabus. It is no answer to this assignment to say that the jury, by the questions submitted, necessarily found against this defense. Indemnity Ins. Co. v. Boland (Tex.Civ.App.) 31 S.W.(2d) 518.

 The court gave the following definition of personal injury: "The term 'injury' or 'personal injury' as used in this charge, means damage or harm to the physical structure of the body, and such diseases or infections as naturally result therefrom."

Appellant duly excepted to the following portion of that charge, "and such diseases or infections as naturally result therefrom," on the ground that appellant's coverage was extended thereby; it is appellant's contention that, on allegations of total disability, appellee could not recover for "disease" and "infection." This is a correct construction of the policy (see statement on former appeal) in so far as such "disease" and "infection" do not naturally result from the injury; but where they naturally result from the injury "exclusively of all other causes," they are within the coverage of the policy. The court's definition was not subject to appellant's exception. However, in view of another trial, we suggest that the definition be made to conform to the language of the policy.

 The seventh and eighth special issues were duplicitous. Lumbermen's Reciprocal Ass'n v. Wilmoth (Tex.Com.App.) 12 S.W.(2d) 972. The words "wholly and continuously," as they relate to the issue of disability, are synonymous with "totally and permanently," as construed in the Wilmoth Case.

 It was the very essence of appellee's case that his "disability" resulted from the "injury." That issue was not sent to the jury; but by the answers to questions 2 and 6 it was found that the injury resulted from the disability. Such findings do not support the judgment. We overrule appellant's proposition that on the answers to these questions it was entitled to judgment. There is no evidence in the record to support the jury's answers to questions 2 and 6.

In answer to appellant's assignments on the burden of proof we suggest that on another trial the issues be made to conform to Federal Surety Co. v. Smith (Tex.Com. App.) 41 S.W.(2d) 210.

 The hypothetical questions addressed by appellant to its expert witnesses were not subject to the exception that they were leading. The argument of counsel and the remarks of the trial judge will probably not be repeated upon another trial. Appellant's proposition based on the fact that appellee did not receive "the attention of a legally qualified surgeon at least once every seven days" was overruled on the former appeal. The pleadings were sufficient to support the judgment for interest.

 After the verdict was returned, and before judgment was entered on December 21, 1934, appellant filed its motion for judgment on the verdict of the jury, and in the alternative that the verdict be set aside and it granted a new trial. That motion was overruled and judgment entered for appellee on December 21, 1934. On December 31, 1934, after the entry of judgment, appellant filed its original motion for new trial. On the 17th of January, 1935, it filed its amended motion for new trial, which was overruled on February 16, 1935. The motion for judgment filed before the entry of judgment was not the statutory motion for new trial, required by law to be filed after the entry of judgment. The motion for new trial filed on the 31st of December, 1934, was the original motion for new trial under the statute. On this construction of appellant's motions, the original motion for new trial and the amended motion for new trial were duly filed, and the judgment overruling these motions was entered within the time provided by law. R.S. art. 2092, § 29 and section 28, as amended by Acts 1930, 5th Called

Sess., c. 70, § 1 (Vernon's Ann.Civ.St. art. 2092, §§ 28, 29); Dallas Storage & Warehouse Co. v. Taylor, 124 Tex. 315, 77 S.W.(2d) 1031. Appellee's motion to dismiss the appeal is overruled.

For the errors discussed, the judgment of the lower court is reversed, and the cause remanded for a new trial.