1202

W. D. Lacey and Seale & Seale, all of Centerville, for appellant.

Bennett & Bennett, of Normangee, and Robt. E. Burroughs, of Buffalo, for appellee.

**JEWETT STATE BANK, Inc., v. EVANS.**

**No. 2121.**

Court of Civil Appeals of Texas. Waco.

June 15, 1939.

GALLAGHER, Chief Justice.

Appellant, the Jewett State Bank, Inc., instituted this suit against appellee, T. C. Evans, on a note executed to it by him for the sum of $2,324, bearing interest at six per cent per annum and providing for the recovery of ten per cent additional as attorney's fees if sued on. Appellant sued out an attachment and caused the writ to be levied on certain real estate. Appellee moved to quash the writ on the ground that the affidavit therefor did not state that such attachment was not sued out for the purpose of injuring or harassing the defendant. The court sustained such motion and appellant duly excepted. The case was tried before the court without a jury and judgment rendered for appellant for $2,985.93, with interest and costs. Said judgment contains a recital that a writ of attachment had theretofore been issued in the cause and levied on certain real estate, but that the same had been quashed, and an order that no lien be foreclosed against the lands so levied upon.

Appellant presents a single assignment of error, in which it contends that the court erred in quashing the attachment herein on the ground that the affidavit therefor was fatally defective, and asserts that such affidavit was in substantial compliance with the requirements of the statute. Article 276 of our Revised Statutes requires, in substance, that each affidavit for attachment shall state that the same is not sued out for the purpose of injuring or harassing the defendant. Appellant attempted to comply with this requirement by incorporating in its affidavit for attachment the following clause: "that the attachment is not sued out for the purpose on injuring or harassing the said defendant." A comparison of the same with the article cited discloses that the only variance is the use

of the word "on" instead of the word "of" prescribed by the statute, or more particularly, that the letter "n" is used where the letter "f" should have been used.

It has been frequently said by our courts that seizure of the defendant's property by attachment is a harsh remedy and that the requirements of the statute must be observed. A substantial compliance with such requirements has generally been held sufficient and the courts will not sacrifice real and valuable rights of either party to mere form and strict literalism. First Nat. Bank v. Wallace, Tex.Civ.App., 65 S.W. 392, 393, 394, writ refused. In the case of Corrigan v. Nichols, 6 Tex.Civ.App. 26, 24 S.W. 952, the affidavit for attachment stated that the defendant "his" disposed of his property with intent to defraud his creditors. The court held that the use of the word "his" preceding the word "disposed" should be ascribed to clerical error, a mere slip of the pen in writing the word "has," and that it did not vitiate the attachment. In the case of Broyles v. Jerrells, 14 Tex.Civ. App. 374, 37 S.W. 377, an affidavit for garnishment was quashed by the trial court because the statement made therein was that such writ was not sued out "to injure either the defendant of the garnishees," thus using the word "of" instead of the word "or" prescribed by the statute. The Court of Appeals held the affidavit sufficient and reversed and remanded the case. The court of last resort in the state of Kentucky, in the case of Clolinger v. Callahan, 204 Ky. 33, 263 S.W. 700, par. 7, 702, passed upon an attachment wherein the affidavit charged that "the defendants * * * disposed of their property with the fraudulent to cheat, hinder, and delay their creditors." The word "intent" should have appeared between the words "fraudulent" and "to cheat". The court held that while intention was material, the language used implied that such disposition of the defendants' property was made with fraudulent intent. That case was cited and approved by the same court in Lincoln Bank & Trust Co. v. Arnold, 256 Ky. 80, 75 S.W.2d 751, 753, par. 3. See also: First Nat. Bank of Morgan v. Brown, 42 Tex.Civ.App. 584, 92 S.W. 1052, par. 2; Broocks v. First Nat. Bank of Hemphill, Tex.Civ.App., 65 S.W.2d 521; Smith v. Dye, Tex.Civ.App., 51 S.W. 858, par. 2; Ellis v. Emil Blum Co., Tex.Civ.App., 242 S.W. 1101, par. 3; Merritt v. Gray, Tex.

Civ.App., 262 S.W. 539, par. 4; 6 C.J. p. 151, sec. 247, par. 9, and authorities cited in note 92. Consideration of the foregoing authorities has led us to the conclusion that the use of the word "on" instead of the word "of" in the affidavit under consideration was a mere typographical or clerical error; that the clause in which the same was used was in substantial compliance with the requirements of the statute, and that the affidavit was not invalidated by such error.

The trial court, as hereinbefore recited, awarded appellant judgment for its debt. Appellee has not, by cross assignment or otherwise, assailed such action, and that part of the judgment is not disturbed. The orders of the court quashing the attachment and refusing to foreclose the attachment lien are reversed and the issue of foreclosure remanded to the trial court, with instruction to enter judgment foreclosing the attachment lien upon the property levied on under the writ and to provide for the issuance of appropriate process to enforce the same.